POLICE CONFERENCE OF NEW YORK, INC., et al., Appellants, v MUNICIPAL POLICE TRAINING COUNCIL, by its Chairman, THOMAS R. BLAIR, Respondent.

Third Department, May 25, 1978

## APPEARANCES OF COUNSEL

*Harvey & Harvey (Arthur J. Harvey* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (Dominick J. Tuminaro* and *Samuel A. Hirschowitz* of counsel), for respondent.

## OPINION OF THE COURT

STALEY, JR., J.

Petitioners are an organization of policemen and police departments, and three individuals who are active police

officers, citizens and residents of the State of New York. This proceeding, pursuant to CPLR article 78, seeks an order requiring respondent to promulgate a rule and regulation establishing height requirements for eligibility of persons for provisional or permanent appointment in the competitive class of the civil service as police officers.

Subdivision 2 of section 840 of the Executive Law defines certain duties of the respondent as follows: "2. The council shall promulgate, and may from time to time amend, such rules and regulations prescribing height, weight and physical fitness requirements for eligibility of persons for provisional or permanent appointment in the competitive class of the civil service as police officers of any county, city, town, village or police district as it deems necessary and proper for the efficient performance of police duties."

Section 58 (subd 1, par [c]) of the Civil Service Law provides that a person is not eligible for appointment as a police officer unless he satisfies the height, weight and physical fitness requirements of the Municipal Police Training Council pursuant to the provisions of section 840 of the Executive Law.

On March 2, 1977, respondent adopted a resolution which rescinded the height standard for police officers previously adopted. No different standard was established, and there is presently no height standard in effect.

Special Term dismissed the petition upon the ground that the petitioners have not shown that they are personally aggrieved in any capacity by respondent's action, and have not sustained any injury in fact.

Standing has been granted absent personal aggrievement where the matter is one of general public interest.

"As a general rule, where a citizen, in common with all other citizens, is interested in having some act of a general public nature done, devolving as a duty upon a public body or officer refusing to perform it, the performance of such act may be compelled by a proceeding brought by such citizen against a body or officer. This is especially so where the matter involved is one of great public interest, and granting the relief requested would benefit the general public (24 Carmody-Wait 2d, NY Civ Prac, § 145.255). The office which the citizen performs is merely one of instituting a proceeding for the general benefit, the only interest necessary is that of the people at large *(People ex rel. Stephens v Halsey,* 37 NY 344; 24 Carmody-Wait 2d, NY Civ Prac, § 145.255). Any citizen

may maintain a mandamus proceeding to compel a public officer to do his duty *(Matter of Cash v Bates,* 301 NY 258; *Matter of Andresen v Rice,* 277 NY 271; *Matter of McCabe v Voorhis,* 243 NY 401; *Matter of Yerry v Goodsell,* 4 AD2d 395, 403, affd 4 NY2d 999)." *(Elia Bldg. Co. v New York State Urban Dev. Corp.,* 54 AD2d 337, 341.)

In the case of *Matter of Douglaston Civic Assn. v Galvin* (36 NY2d 1) the court held that a civic association had standing to challenge the determination of the New York City Board of Standard and Appeals which granted a variance to a property owner. The court observed that, under the restrictive view requiring a showing of aggrievement to establish standing, a civic association with no direct proprietary interest in the zoned level would have no standing; it, nevertheless, adopted a broader rule of standing and held that the civic association did have standing to initiate the proceeding.

The maintenance of standards for physical fitness for police officers is a matter of public interest and for the benefit of the people at large, and particularly so when some of the petitioners are police officers who have a special interest in the physical capabilities of those who may be performing as police officers as colleagues of petitioners in the line of duty. Petitioners have established that they have standing to bring this article 78 proceeding.

The judgment should be reversed, on the law and the facts, without costs; the petition reinstated, and the matter remitted to Special Term for further proceedings not inconsistent herewith.

MAHONEY, P. J., SWEENEY, LARKIN and HERLIHY, JJ., concur.

Judgment reversed, on the law and the facts, without costs; petition reinstated, and matter remitted to Special Term for further proceedings not inconsistent herewith.