■　In the Matter of CHARLES F. CARPENTER et al., Appellants, v FRED J. BUSCAGLIA, as Commissioner of the Erie County Department of Social Services, et al., Respondents.—Judgment unanimously reversed, with costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with the following memorandum: Petitioners, employees of the Erie County Department of Social Services, bring this proceeding challenging a reclassification plan which changed their individual titles from methods and procedures analyst to senior social services program specialist. Eight social welfare examiners were reclassified at the same time and given the same title of senior social services program specialist or the lower grade of social

services program specialist. The specifications, educational qualifications and job descriptions for methods and procedures analysts and welfare examiners were substantially different, and petitioners allege that the reclassification is unlawful because supported in part by desk audit data based upon out-of-title work performed by the welfare examiners (see *Matter of Carolan v Schechter,* 7 NY2d 980; and cf. *Matter of Mandle v Brown,* 5 NY2d 51). They claim that as a result of this unlawful reclassification some of the welfare examiners have received promotions and additional pay without competitive examination contrary to section 6 of article V of the State Constitution and subdivision 2 of section 61 of the Civil Service Law (see *Matter of Niebling v Wagner,* 12 NY2d 314). Trial Term did not reach the merits but dismissed the petition, finding that the petitioners were without standing to challenge the reclassification. We reverse. There are factual issues raised concerning the propriety of respondents' reclassification which may properly be challenged by petitioners on the grounds of possible personal aggrievement because of the change in their job, title and opportunity for promotional advantage (see *Matter of Burke v Sugarman,* 35 NY2d 39; *Matter of Niebling v Wagner, supra; Matter of Ruddy v Connelie,* 61 AD2d 372) and also as citizens and taxpayers insisting on the proper enforcement of the Civil Service Laws (see *Matter of Mandle v Brown,* 5 NY2d 51, *supra; Matter of Andresen v Rice,* 277 NY 271; *Matter of Onondaga Ch., Local 834, Civ. Serv. Employees Assn. v Bobenhausen,* 69 AD2d 983; *Police Conference of N. Y. v Municipal Police Training Council,* 62 AD2d 416). (Appeal from judgment of Erie Supreme Court—art 78.) Present—Dillon, P. J., Simons, Hancock, Jr., Callahan and Moule, JJ.