■ In the Matter of ASSOCIATED GENERAL CONTRACTORS OF AMERICA, NEW YORK STATE CHAPTER, INC., et al., Appellants, v LILLIAN ROBERTS, as Industrial Commissioner of the Department of Labor of the State of New York, et al., Respondents.— Mikoll, J. Appeal from an order and judgment of the Supreme Court at Special Term (Hughes, J.), entered October 31, 1985 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition on various objections in point of law.

Petitioners A. L. Blades & Sons, Inc., and Hull Corporation each have public contracts with the State which are subject to the provisions of Labor Law § 220. Petitioners Associated General Contractors of America and Empire State Chapter Associated Builders and Contractors, Inc., are associations of contractors whose members bid on public projects which are also within the purview of Labor Law § 220.

Petitioners commenced this CPLR article 78 proceeding requesting relief in the nature of mandamus to compel respondents to conform with the statutory directives of Labor Law § 220. In the alternative, petitioners sought a declaratory judgment declaring that portions of a certain schedule issued by respondent Commissioner of Labor were null and void. The gravamen of petitioners' complaint is that (1) the Commissioner has failed to properly administer Labor Law § 220; (2) the Commissioner has failed to follow the directives of the State Administrative Procedure Act; (3) respondents have failed to properly certify classifications of employees on certain projects; and (4) respondents have and will continue to require conformity with these improper certifications. Respon-

dents moved for dismissal of the petition on the grounds that there was no justiciable controversy before Special Term; that petitioners had failed to exhaust administrative remedies and to avail themselves of other judicial relief; that the petition was not properly verified pursuant to CPLR 7804 (d); and that petitioners failed to state a cause of action as to their fifth, sixth and seventh causes of action. Special Term granted respondents' motion, holding that petitioners lacked standing, did not exhaust their administrative remedies and failed to verify the petition.

Mandamus is addressed to the discretion of the court and a denial of such relief will not be disturbed without a showing of an abuse of discretion *(Matter of Community Action Against Lead Poisoning v Lyons,* 43 AD2d 201, *affd* 36 NY2d 686). We find no abuse of discretion in the instant case. Mandamus is particularly inappropriate where, as here, it is sought to compel a general course of official conduct as to matters where executive branch officials are exercising judgment and discretion *(see, Matter of New York State Inspection, Security & Law Enforcement Employees v Cuomo,* 64 NY2d 233, 239).

Petitioners herein have failed to point to any personal right to relief. They allege no specific injury sustained by any acts of respondents. Indeed, petitioners do not seek adjudication of a specific dispute but rather have mounted a general challenge to the Commissioner's administration of Labor Law § 220. Petitioners have failed to demonstrate that they fall within the ambit of cases where standing is accorded upon a showing that administrative action will have a harmful effect upon them *(see, Matter of Dental Socy. v Carey,* 61 NY2d 330, 334).

Petitioners' request for declaratory judgment was also properly denied. Such relief is discretionary in nature *(see,* CPLR 3001) and is appropriately brought where a justiciable controversy exists involving the application of a statute or regulation to an undisputed set of facts or to determine the constitutionality of such application. We concur with Special Term's denial of such relief on the ground that it would have been inappropriate in the instant case. We reach no other issues.

Order and judgment affirmed, with costs. Mahoney, P. J., Main, Mikoll, Yesawich, Jr., and Levine, JJ., concur.