*895 OPINION OF THE COURT
Michael W. Duskas, J.
THE PARTIES
The petitioner is the duly elected District Attorney of St. Lawrence County. Respondent Constantine is the Superintendent of the New York State Police; the respondent DeFrancesco is Chief Inspector of the New York State Police; the respondent Hook is Deputy Chief Inspector of the New York State Police; and respondent Lawliss is Commander of Troop B of the New York State Police, which troop encompasses St. Lawrence County.
THE FACTS
Petitioner prosecuted an indictment in the County Court of St. Lawrence County against one James Whitton. Mr. Whitton had been indicted by a St. Lawrence County Supreme Court Grand Jury for his involvement in a May 1987, two-vehicle fatal accident, which had been investigated by members of the New York State Police. The trial of that indictment resulted in a verdict of acquittal. There was conflicting evidence presented at that trial as to whether or not the defendant Whitton was the operator of the motor vehicle in which he and another were riding.
On or about February 23, 1988, petitioner contacted respondent Lawliss, as Commander of Troop B, and requested that he meet with him in Canton, New York. On February 24, 1988, petitioner and Lawliss conferred and at that time petitioner made allegations concerning members of the New York State Police with regard to their conduct during the investigation and trial of the Whitton matter. Petitioner specifically requested that the New York State Police conduct an internal investigation. Petitioner’s allegations included accusations that two members of the State Police may have committed perjury at the trial. An internal administrative investigation was immediately initiated by respondent Constantine.
The investigation was conducted by respondent Hook who was designated by respondent Constantine to conduct the investigation. Deputy Chief Inspector Hook interviewed dozens of witnesses, examined or reexamined physical evidence, and, according to the respondents, "assembled virtually every known document relating to the case.”
By letter dated March 10, 1988, addressed to respondent *896 Constantine, the petitioner acknowledged that he had been interviewed by Deputy Chief Hook and was willing to cooperate in the investigation. Petitioner also agreed to hold any Grand Jury investigation in abeyance until such time as the internal investigation was completed. Petitioner requested that the results of the investigation be made available to him, to include the names of the members disciplined, if any, and the specifics of the discipline.
Superintendent Constantine responded to that March 10th letter with a letter dated March 22, 1988, which stated in part: “As you know, we have begun an internal, administrative investigation of the conduct of several of our members relating to this investigation and trial. It is our longstanding policy that criminal investigations and prosecutions must take precedence over our internal, administrative needs. For this reason, and to avoid any possible perception of our attempting to interfere improperly with the criminal process, we will defer resolution of our internal, administrative proceeding until your criminal investigation has been concluded, including any prosecution which may result.”
This letter was responded to by a letter from the petitioner dated April 8, 1988, addressed to Superintendent Constantine, which requested that the investigation be completed without delay, and indicated to the Superintendent that it was the petitioner’s position that the Superintendent was required by law to complete the disciplinary investigation.
THIS PROCEEDING
By notice of petition and petition dated April 14, 1988, a special proceeding pursuant to CPLR article 78 was commenced. Petitioner seeks an order in the nature of mandamus directing the respondents to complete the internal investigation. Service of the petition and notice of petition was admitted by counsel for the New York State Police on April 18, 1988. The court now has before it a motion brought on by notice of motion dated May 6, 1988, in which the respondents seek an order pursuant to CPLR 3211 dismissing the petition on the grounds that the petitioner does not have standing, and on the further grounds that the petition fails to state a cause of action.
In support of the motion, respondents have submitted an affidavit of Katherine Gladstone, Assistant Attorney-General, duly sworn to May 6, 1988, a memorandum of law, and the *897 affidavit of Jeffrey Chamberlain, Esq., counsel to the New York State Police, duly sworn to May 6, 1988. Petitioner has submitted an affirmation dated May 12, 1988, in opposition to the motion.
By decision and order of this court dated May 31, 1988, an application by the Police Benevolent Association of the New York State Troopers, Inc., for an order permitting intervention, was denied.
APPLICABLE STATUTES AND REGULATIONS
Section 215 (3) of the Executive Law provides in part that the Superintendent shall make rules and regulations, subject to approval by the Governor, for the discipline and control of New York State Police.
Specific rules and regulations have been promulgated by the Superintendent pursuant to this directive, and are embodied in 9 NYCRR parts 475-479. In particular, 9 NYCRR 479.1 et seq. mandates the procedures to be used by commanding officers whenever accusations are made by any person, or information is received that a member has violated any rule, regulation, instruction, or order of the New York State Police. Internally, the New York State Police has provided in its administrative manual, in article 9, further procedures required to be followed upon the receipt of a personnel complaint.
The administrative manual article 9 is introduced with the following statement:
"The Superintendent recognizes that due to the nature of our police work duties, obligations and responsibilities (that encompass the exercising of authority in positions of public trust), public criticism and complaints against our personnel will occur from time to time.
"To protect the people of the State, our Members and employees, and the reputation of the NYSP as a responsible law enforcement agency, the Superintendent has a responsibility to cause a prompt, thorough investigation to be made of allegations and complaints received.”
issue: standing
Respondents initially take the position that the petitioner lacks standing to bring this proceeding. They argue that petitioner has not cited any statute which authorizes him to *898 maintain the proceeding on behalf of others, or that he has the right individually to seek the relief requested.
Petitioner’s position is that the respondents do not dispute the fact that it was he who initially provided information concerning the conduct of the members complained of which caused an investigation to be commenced. In essence, his argument is that if he as the complainant has no standing, then no one would be in a position to attempt to force the Superintendent to perform what he is ministerially compelled to do, that is, to conduct and complete an internal investigation.
Petitioner’s role in this proceeding can be analyzed from three different perspectives. It should be determined whether or not the petitioner’s interests are that of a complainant, an elected official, that is, District Attorney, or as a citizen, taxpayer, or resident.
[I] The court has some doubt that the mere fact that the petitioner initiated the complaints against the members of the New York State Police should in and of itself confer standing, for to assume such a simplistic approach would permit any person who expresses dissatisfaction with the behavior of a member of the New York State Police to automatically confer standing upon himself to seek judicial review; and thus, it can be said that the petitioner herein, as the complainant, has failed to point to any personal right to relief. He alleges no specific injuries personally sustained by the failure of the respondents to act. Petitioner has failed to demonstrate that he should be afforded standing upon the showing that the failure of the respondents to act will have a harmful effect upon him personally. (Matter of Associated Gen. Contrs. v Roberts, 122 AD2d 406 [3d Dept 1986].)
Has the petitioner demonstrated standing as an elected public official? The Court of Appeals has adopted a "zone of interest test” to ascertain whether or not a petitioner has standing without necessarily analyzing the merits of litigation. "A petitioner need only show that the administrative action will in fact have a harmful effect on the petitioner and that the interest asserted is arguably within the zone of interest to be protected by the statute.” (Matter of Dairylea Coop. v Walkley, 38 NY2d 6, 9 [1975].)
The court has been disposed to expand, rather than to contract, the concept of standing. (Boryszewski v Brydges, 37 NY2d 361 [1975].) It has upheld the standing of a District *899 Attorney to maintain a proceeding against the Chief Judge of the Unified Court System of the State of New York to challenge the manner of designation of Judges to the Supreme Court in the City of New York. The Court of Appeals held that even though the District Attorney would not be personally affected by the decision, he qualifies under the “zone of interest test”. (Matter of Morgenthau v Cooke, 56 NY2d 24 [1982].) This court is satisfied that the interest of the petitioner in seeing to it that crimes are properly investigated and prosecuted within his jurisdiction brings him within an appropriate zone of interest. This determination is made without any focus on the particular issues being litigated. In other words, the specific controversy to be determined is an issue totally separate and apart from whether or not the petitioner has standing.
Although the court is satisfied that the petitioner has demonstrated standing as the duly elected District Attorney, it can also be stated that he would have standing as a citizen, taxpayer or resident. Standing will be granted absent a showing of personal aggrievement, if the matter is one of general public interest and granting of the relief would benefit the general public. (Police Conference v Municipal Police Training Council, 62 AD2d 416 [3d Dept 1978].)
Standing has been recognized to compel the maintenance of standards for physical fitness for police officers. (Police Conference v Municipal Police Training Council, supra; cf., 6 NY Jur 2d, Article 78, § 156.) If that be the case, surely an individual should have standing to seek the maintenance of a police force free of wrongdoers.
MOTION TO DISMISS FOR FAILURE TO STATE A CAUSE OF ACTION
In determining whether or not the petition states a valid cause of action, the pleader is entitled to every favorable inference that might be drawn. Certainly 9 NYCRR 479.1 would on its face indicate that the Superintendent has imposed upon himself a mandatory duty to thoroughly investigate and to issue a written report “without delay”.
Mandamus was held not to lie in a situation where a private individual sought to compel the Mayor and Police Commissioner of the City of New York to take official action and hold a departmental trial to hear certain charges brought by the petitioner against an individual police officer. The court *900 held that it would not interfere with the Police Commissioner’s judgment, as the matter involved the exercise of discretion on his part, and did not involve the performance of a duty imposed by law. (Matter of Goldberg v Wagner, 9 Misc 2d 663 [Sup Ct, NY County], lv denied 5 AD2d 979 [1st Dept 1958], lv denied 4 NY2d 677 [1958], cert denied 357 US 943 [1958].) Goldberg may, however, be distinguishable by virtue of the existence of the specific mandates of the respondents’ own regulations.
Giving petitioner every favorable inference, it cannot be stated at this stage of the proceedings that the petition herein fails to state a cause of action.
In summary, it is the decision of this court, and it is hereby ordered that the motion of the respondents herein for an order dismissing the petition on the ground that petitioner does not have standing to bring this proceeding and on the further grounds that it fails to state a cause of action, be in all respects denied, and the respondents are directed to serve and file an answer within 20 days of receipt of a copy of this decision and order.