In the Matter of CHARLES A. GARDNER, as St. Lawrence County District Attorney, Petitioner, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, et al., Respondents.

Supreme Court, St. Lawrence County, February 7, 1989

APPEARANCES OF COUNSEL

*Charles A. Gardner,* petitioner *pro se. Robert Abrams, Attorney-General (Lawrence L. Doolittle* of counsel), for respondents.

## OPINION OF THE COURT

MICHAEL W. DUSKAS, J.

The petitioner is the District Attorney of St. Lawrence County. In February 1988, after having prosecuted an indictment in the St. Lawrence County Court which culminated in a verdict of acquittal, petitioner contacted respondent Lawliss, as Commander of Troop B of the New York State Police, and made accusations concerning the behavior of two members of the State Police, alleging in particular that they may have committed perjury at the trial. An internal administrative investigation was immediately initiated. Although an extensive investigation was undertaken, the respondent Constantine, in a letter to the petitioner dated March 22, 1988, stated that he would defer a resolution of the internal investigation until any criminal investigations or prosecutions were completed by the petitioner.

The petitioner had informed respondent Constantine, and subsequently reiterated to him, that petitioner was contemplating a Grand Jury investigation, and perhaps prosecution, regarding the conduct of the State Troopers with respect to their alleged perjury. The petitioner also related to the respondent that petitioner had no objection to respondent obtaining statements from the Troopers in the course of his investigation regarding the Troopers' conduct even though this may furnish them "use immunity" *(Matter of Matt v Larocca,* 71 NY2d 154 [1987]) in a subsequent criminal prosecution. The District Attorney further informed the Superintendent that a criminal prosecution could proceed even were such immunity found to have been afforded the Troopers.

Upon the refusal by respondent Constantine to complete the investigation and issue a final written report, petitioner commenced this special proceeding pursuant to CPLR article 78. Petitioner seeks an order in the nature of mandamus directing the respondents to complete the internal investigation and to prepare a final written report.

■ The answer interposed by the respondents raises an objection in point of law, maintaining that the respondents DeFrancesco, Hook, and Lawliss are improperly named in the petition, since the action complained of is solely the responsibility of the Superintendent. The court concurs. It is the Superintendent who has assumed the responsibility for the internal investigation and it is solely his decision not to further proceed which is being challenged by the petitioner. The court will dismiss the petition as against the respondents DeFrancesco, Hook, and Lawliss.

Respondents raise a second objection in point of law in that they contend the petitioner lacks standing to maintain this proceeding. By decision and order dated July 9, 1988, this court held that the petitioner has standing, and therefore, respondents' objection is without merit. *(Matter of Gardner v Constantine,* 140 Misc 2d 894 [Sup Ct, St. Lawrence County, July 9, 1988], *lv denied* Sept. 16, 1988 [Mercure, J.])

Respondent's argument against the relief sought is that the petitioner is asking the court to direct the Superintendent to perform a discretionary act and that mandamus, therefore, is not appropriate. Pursuant to the mandate of Executive Law § 215 (3), the Superintendent of the State Police has promulgated rules and regulations, subject to the approval by the Governor, for the discipline and control of the New York State Police. In particular, 9 NYCRR 479.1 *et seq.* mandates procedures to be used by commanding officers whenever accusations are made by any person, or information is received that a member has violated any rule, regulation, instruction, or order of the New York State Police.

Section 479.1 provides, in part: "Every such accusation or information shall be thoroughly investigated, in order to protect the accused member, the division, and the People of the State of New York, and all such investigations shall be handled in accordance with current written division instructions outlining the procedure for reporting and investigating complaints against personnel. *A written report shall be prepared without delay* in accordance with division instructions.

The report shall, *whenever possible,* include written statements of the complainant or complainants, written statements of witnesses interviewed, and a full and complete written statement of the accused member." (Emphasis added.)

The respondent argues, and properly so, that this court may not direct the manner in which the internal investigation is to be conducted, nor can it dictate the contents of the written report; however, where mandatory acts are involved the claims are not rendered nonjusticiable merely because the acts "may be complex and rife with the exercise of discretion." *(Klostermann v Cuomo,* 61 NY2d 525, 530 [1984].) The court in *Klostermann* reiterated the traditional view that mandamus is an appropriate remedy to enforce the performance of a ministerial duty, but will not be issued to compel any act in respect to which an officer may exercise judgment or discretion. The court went on to state, however: "What has been somewhat lost from view is this function of mandamus to compel acts that officials are duty-bound to perform, regardless of whether they may exercise their discretion in doing so * * *. *A subordinate body can be directed to act, but not how to act, in a manner as to which it has the right to exercise its judgment.* The character of the duty, and not that of the body or officer, determines how far performance of the duty may be enforced by mandamus. Where a subordinate body is vested with power to determine a question of fact, the duty is judicial, and though it can be compelled by mandamus to determine the fact, it cannot be directed to decide in a particular way, however clearly it be made to appear what the decision ought to be.' " *(Klostermann v Cuomo, supra,* at 540.)

It has been held that the Commissioner of the Department of Agriculture and Markets be directed to hold a hearing and render a determination on a milk dealer's license application within 90 days, but not how that hearing should be held or what determination should be rendered. *(Matter of Utica Cheese v Barber,* 49 NY2d 1028 [1980].) Similarly, where the Social Services Law and the regulations promulgated pursuant to it contain specific and unambiguous provisions detailing the steps that must be taken and the services that must be provided to avert or shorten foster care placement, the courts may compel social services officials to implement those regulations even though such implementation will necessarily involve a performance of many and diverse discretionary acts. *(Martin A. v Gross,* 138 Misc 2d 212 [Sup Ct, NY County 1987].)

■ It is the determination of this court upon the cited authorities that mandamus is an appropriate remedy in this proceeding brought on by petitioner, and therefore, that respondent's objection is not well founded.

The respondent further opposes the relief sought upon the ground that his determination not to complete the investigation and issue a final report is not "arbitrary and capricious" in that both a policy to defer to the criminal prosecution by the District Attorney, and to a contractual obligation under a collective bargaining agreement with the membership of the New York State Police, have dissuaded him from obtaining statements from the subject Troopers. The District Attorney has replied that he has no objection to the Troopers being administratively compelled to give statements regarding their conduct, and that in any event the Superintendent is obligated to render a final report regarding his investigation of petitioner's complaint.

■ It is the determination of the court that under the facts and circumstances extant in this action the court must decline petitioner's request that it issue an order in the nature of a writ of mandamus. The fact that the District Attorney has communicated to the Superintendent that petitioner has no objection to the respondent obtaining statements from the subjects of the investigation does not compel the respondent to do so. The Superintendent presumably would initiate administrative disciplinary proceedings against the Troopers had his investigation warranted the same even where he had not obtained statements from the subjects; and his decision to suspend his investigation pending the completion of any criminal prosecution, and to not endanger such a prosecution through imparting "use immunity" upon the subject Troopers, is an articulated and particularized reason for having terminated his administrative investigation without having obtained "a full and complete written statement of the accused member." (9 NYCRR 479.1.)

It is found that within approximately one month from the date of petitioner's complaint, the respondent caused to be conducted an extensive and thorough investigation concerning the gravamen of such complaint; that respondent did not obtain statements from the Troopers who were the subjects of the administrative investigation, and which decision is within the discretion of the Superintendent in that he determined it was inappropriate to administratively require these Troopers

to give statements; and that the respondent in effect made his "final report" by letter to the District Attorney dated March 22, 1988.

The court, in light of the fact that the cited regulations do not specify the manner of the investigation, nor the form of the report, is satisfied, and concludes that the respondent has substantially complied with the mandate of such regulations.

The petition must be denied.