■ In the Matter of CHARLES A. GARDNER, as St. Lawrence County District Attorney, Appellant, v THOMAS A. CONSTANTINE, as Superintendent of the New York State Police, et al., Respondents.—Levine, J. Appeal from a judgment of the Supreme Court (Duskas, J.), entered February 23, 1989 in St. Lawrence County, which denied petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondents to complete an internal administrative investigation.

Petitioner, the District Attorney of St. Lawrence County, unsuccessfully prosecuted an indictment relating to a fatal car accident which had been investigated by the State Police. Following acquittal of the defendant in that case, petitioner contacted the State Police Troop Commander and alleged that two members of the State Police had committed perjury at the trial. Respondent Superintendent of the State Police (hereinafter respondent) commenced an investigation which was conducted by executive-level personnel and involved interviewing witnesses, examining physical evidence and reviewing documents. Petitioner informed respondent by letter that he was willing to hold any Grand Jury investigation in abeyance until respondent's investigation was completed and requested access to the results of the investigation. Respondent responded by letter that it was long-standing policy that criminal investigations and prosecutions take precedence over internal disciplinary proceedings and resolution of the internal investigation would be deferred until any criminal prosecution was concluded. Respondent further explained that because compelled statements result in use immunity, and the Division of State Police labor contract contained a provision which prohibits requiring statements from members suspected of criminal activity, statements from the officers would not be taken until the criminal investigation was completed. Petitioner again wrote to respondent stating that he had no objection to the administratively compelled statements and that any use immunity which resulted would not jeopardize criminal prosecution of the matter.

Upon respondent's refusal to complete the investigation and issue a final written report, petitioner commenced the instant CPLR article 78 proceeding in the nature of mandamus seeking to require respondent to complete the internal investigation. After moving unsuccessfully for dismissal of the petition, respondents answered and raised objections in point of law including, *inter alia,* a challenge to petitioner's standing. Supreme Court adhered to its prior ruling that petitioner had standing, but further determined that petitioner was not entitled to an order compelling the completion of the investigation since the applicable regulations did not dictate the manner of the investigation, nor the form or contents of the report. The court also held that it was within respondent's discretion in conducting the investigation not to obtain statements from the officers and to hold the matter in abeyance pending completion of any criminal prosecution. Petitioner appeals from the denial of his application.

At the outset, we observe that since respondent's investigation is conducted solely to determine whether internal discipline is warranted (see, 9 NYCRR 479.1, 479.2) and, as petitioner concedes, such a purely disciplinary investigation has no bearing on any criminal prosecution, serious questions exist concerning petitioner's standing to bring this proceeding either in his official capacity, as the complainant or an individual citizen. However, we choose to address the merits of petitioner's claim without deciding the standing issue under the authority of Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. (63 NY2d 100, 104; see also, Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951).

As to the merits, we agree with Supreme Court's determination that petitioner failed to establish "a clear legal right to the relief sought" (Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16; see, 5 NY Jur 2d, Article 78 and Related Proceedings, § 57, at 444-446). The regulation at issue provides, inter alia, that a report on the investigation be prepared "without delay" and that this report "shall, whenever possible" include the written statement of the accused officer (9 NYCRR 479.1 [emphasis supplied]). In such sensitive and serious matters as disciplinary investigations potentially leading to the discharge of officers from the State Police, it would be totally irrational to construe the regulations as excluding all exercise of discretion and judgment by respondent in the manner of conducting the investigation and the timing of concluding it. Thus, petitioner was properly denied relief in the nature of mandamus to compel (see, Matter of Associated Gen. Contrs. v Roberts, 122 AD2d 406, 407).

We also find petitioner's other contention, that respondent's refusal to complete the investigation was arbitrary and capricious, to be without merit.

Judgment affirmed, without costs. Kane, J. P., Casey, Yesawich, Jr., Levine and Mercure, JJ., concur. [See, 142 Misc 2d 623.]