■ In the Matter of GASDA, LTD., et al., Appellants, v PATRICIA B. ADDUCI, as Commissioner of the Department of Motor Vehicles, et al., Respondents.—Mercure, J. Appeal from a judgment of the Supreme Court (Connor, J.), entered November 12, 1991 in Albany County, which dismissed petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for a declaratory judgment, to, *inter alia,* compel respondent Commissioner of Motor Vehicles to review the maximum motor vehicle exhaust emissions inspection fee.

Vehicles registered in the New York Metropolitan Air Quality Control Region, comprised of the five counties of New York City plus the Counties of Westchester, Nassau, Suffolk (except Fisher's Island) and Rockland, are required to undergo an annual exhaust emissions inspection in addition to the annual safety inspection performed on motor vehicles throughout the State *(see,* Vehicle and Traffic Law § 301 [c] [3]; 6 NYCRR 217-1.2, 217-2.2; 15 NYCRR 79.1 *[l],* [m]; 79.24). In order to implement the inspection program, respondent Commissioner of Motor Vehicles (hereinafter the Commissioner) is authorized to license official inspection stations, to certify inspectors and, of primary relevance here, to set the maximum fees which may be charged for the inspections *(see,* Vehicle and Traffic Law § 303 [a]; §§ 304-a, 305 [b]), currently $10 for a safety inspection for passenger vehicles and $7 for an emissions inspection for all gasoline-powered vehicles *(see,* 15 NYCRR 79.7 [c]). Those desiring to be licensed as official inspection stations must apply to the Department of Motor Vehicles, meet licensing requirements and agree to perform all inspections in accordance with the regulatory requirements *(see,* 15 NYCRR 79.7, 79.8). Notably, no person or facility is obligated to become or remain a certified motor vehicle inspector or an official inspection station.

Anticipating the promulgation of 6 NYCRR subpart 217-2 and the requirement, effective January 1, 1991, that all emissions inspection stations be equipped with an emission analyzer, computer system with display, bar code scanner, modem and two printers *(see,* 6 NYCRR 217-2.1 [b] [2]; 217-2.3 [a]), petitioners' counsel requested that the Commissioner increase the maximum emissions inspection fee to $20. Following a consideration of the request, the Department ultimately determined to maintain the current fee schedule. Petitioners then

commenced this proceeding, *inter alia,* for a determination that the Commissioner's failure to increase the maximum emissions inspection fee was arbitrary and capricious, to compel the Commissioner to undertake review of the motor vehicle inspection fees immediately and biannually thereafter, and to, in effect, impose a combined safety and emissions fee of not less than $45. Following service of the answer, Supreme Court granted judgment in favor of respondents dismissing the petition. Petitioners appeal.

We affirm. Initially, we agree with Supreme Court that petitioners failed to meet their burden of establishing that the Commissioner's determination to maintain the current emissions inspection fee, embodied in 15 NYCRR 79.7 (c), was irrational *(see, New York State Assn. of Counties v Axelrod,* 78 NY2d 158, 166; *Matter of Versailles Realty Co. v New York State Div. of Hous. & Community Renewal,* 76 NY2d 325, 328; *Molina v Games Mgt. Servs.,* 58 NY2d 523, 529). The record establishes that the Department conducted a study of comprehensive data provided by representatives of the Service Station Dealers of Greater New York, Inc. and concluded that an emissions inspection should cost between $6.31 and $7.48, depending upon the time required for each inspection. Further, in reaching its conclusion, the Department considered that there is no requirement that the fee set by the Commissioner provide the inspection station with a profit, or even cover its expense, and that participation in the inspection program is voluntary. As asserted by respondents, it may well be that inspection stations have a legitimate business incentive to perform inspections at cost or even at a loss in order to bring in additional work and enhance customer good will and loyalty. Notably, despite petitioners' dire predictions to the contrary, there has been essentially no decrease in the number of participating inspection stations.

Finally, addressing the branch of the petition seeking to compel periodic review of the inspection rates and to impose a combined fee of not less than $45, Supreme Court was correct in its conclusion that mandamus relief is not available to compel a review of the inspection fees inasmuch as there is no "duty enjoined upon [the Commissioner] by law" (CPLR 7803 [1]) which mandates when and in what manner the inspection fees are to be reviewed or the level at which they are to be fixed *(see, Klostermann v Cuomo,* 61 NY2d 525, 539; *Matter of Gardner v Constantine,* 155 AD2d 823, 825).

Weiss, P. J., Crew III, Casey and Harvey, JJ., concur. Ordered that the judgment is affirmed, without costs.