■ In the Matter of Thomas L. Dyno, Appellant, v John T. Hillis, as Judge of the City Court of the City of Binghamton, et al., Respondents. [712 NYS2d 182] —Spain, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered May 4, 1999 in Broome County, which, in a proceeding pursuant to CPLR article 78, *inter alia*, granted respondents' motions to dismiss the petition for failure to state a cause of action.

Following the dismissal of a CPLR article 78 proceeding in which petitioner challenged a determination of the Village of Johnson City Zoning Board of Appeals (*see*, *Matter of Dyno v Village of Johnson City*, 261 AD2d 783, *appeal dismissed* 93 NY2d 1033, *lv denied* 94 NY2d 818), petitioner filed a local criminal court accusatory instrument with the Binghamton City Court in October 1998 charging respondent Mark L. Rappaport, the attorney who originally represented him in the proceeding, and respondent William L. Gibson, Jr., the attorney for the Village, with a violation of Judiciary Law § 487, a misdemeanor. When respondent Binghamton City Judge referred the accusatory instrument to respondent Broome County District Attorney, petitioner sent a "Notice of Demand" to the Binghamton City Court requesting the arraignment of Rappaport and Gibson. The District Attorney subsequently moved to dismiss the accusatory instrument as insufficient on its face and City Court granted the motion despite petitioner's opposition.

Petitioner thereafter commenced this CPLR article 78 proceeding seeking relief in the nature of prohibition and mandamus to compel. Concluding that petitioner lacked standing and that, in any event, the remedies of mandamus and prohibition were unavailable in this case, Supreme Court granted respondents' motions to dismiss the petition. Petitioner appeals.

Initially, with regard to petitioner's procedural objection, Supreme Court properly exercised its discretion in accepting the answer filed on behalf of the City Judge (*see, Kaiser v Delaney*, 255 AD2d 362; *Matter of Murray v Matusiak*, 247 AD2d 303, 304). Next, we elect to reach the merits without deciding the standing issue (*see, Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs.*, 63 NY2d 100, 104; *Matter of Gardner v Constantine*, 155 AD2d 823). For the reasons which follow, we agree with Supreme Court that neither prohibition nor mandamus to compel is an available remedy in the circumstances of this case.

Prohibition will lie "only when a court * * * acts or threatens to act either without jurisdiction or in excess of its authorized powers in a proceeding over which it has jurisdiction" (*Matter of Rush v Mordue*, 68 NY2d 348, 352). Mandamus, on the other hand, "is available to compel a governmental entity or officer to perform a ministerial duty, but does not lie to compel an act which involves an exercise of judgment or discretion" (*Matter of Brusco v Braun*, 84 NY2d 674, 679). Petitioner's claim of entitlement to the relief he seeks is premised largely on the theory that, prior to arraignment, City Court lacked the authority to dismiss the accusatory instrument. However, in *People v Doe* (271 AD2d 29), this Court recently held that, despite the absence of any express statutory authorization, a superior court has the authority to dismiss an indictment prior to arraignment. We see no reason to reach a different conclusion with regard to the authority of a local criminal court to dismiss a local criminal court accusatory instrument for facial insufficiency prior to arraignment.

CPL 100.40 established the legal concept of facial sufficiency of local criminal court accusatory instruments "for use in ensuing CPL provisions that make various types of procedural action hinge upon whether a particular accusatory instrument is 'sufficient on its face' " (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 100.40, at 255). For example, unless the accusatory instrument filed by petitioner was sufficient on its face, City Court could not have compelled Rappaport and Gibson to appear for arraignment by issuance of a warrant of arrest or summons (*see*, CPL 120.20 [1]; 130.30). The accusatory instrument "is the basis of the court's jurisdiction[ ] and, accordingly, if the instrument is not legally sufficient, the court has no authority at all to proceed with the arraignment" (Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 170.10, at 12). We conclude, therefore, that in dismissing the accusatory instru-

ment filed by petitioner as insufficient on its face, City Court did not act without jurisdiction or in excess of its authorized powers and petitioner is not entitled to the relief he seeks against the City Judge.

With regard to the District Attorney, "the essence of a District Attorney's constitutional, statutory and common-law prosecutorial authority is the 'discretionary power to determine whom, whether and how to prosecute [a criminal] matter' " (*Matter of Haggerty v Himelein*, 89 NY2d 431, 436, quoting *Matter of Schumer v Holtzman*, 60 NY2d 46, 52). In seeking dismissal of the accusatory instrument filed by petitioner on the basis of facial insufficiency, the District Attorney was exercising this discretionary prosecutorial authority and, therefore, petitioner is not entitled to the relief he seeks against the District Attorney (*see, Matter of Bytner v Greenberg*, 214 AD2d 931). We have considered petitioner's other arguments and find them to be without merit.

Cardona, P. J., Peters, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed, without costs.