*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 16, 2014          517918
_____

In the Matter of JOHN D.
    JUSTICE,
                         Appellant,       MEMORANDUM AND ORDER

         v

ANDREA EVANS, as Chair of the
    Division of Parole, et al.,
                         Respondents.
_____

Calendar Date:   September 8, 2014

Before:   McCarthy, J.P., Rose, Egan Jr., Devine and Clark, JJ.

_____

        John D. Justice, Comstock, appellant pro se.

        Eric T. Schneiderman, Attorney General, Albany (Laura
Etlinger of counsel), for Andrea Evans, respondent.

        Thomas Marcelle, County Attorney, Albany (Adam G. Giangreco
of counsel), for David Soares, respondent.

_____

Clark, J.

        Appeal from a judgment of the Supreme Court (Lynch, J.),
entered November 8, 2013 in Albany County, which, in a proceeding
pursuant to CPLR article 78, among other things, granted a motion
by respondent Chair of the Division of Parole to dismiss the
petition against her.

        Petitioner was convicted of various crimes after he stabbed
his mother to death and caused a fatal car accident, and is
presently serving an aggregate prison sentence of 13⅓ to 40
years (People v Justice, 202 AD2d 918 [1994], lv denied 83 NY2d

968 [1994]; People v Justice, 173 AD2d 144 [1991]). He was conditionally released to parole supervision in 2005 and was placed in a halfway house operated by Saving Grace Ministries, Inc. Petitioner violated the terms of his parole, which was revoked in 2007, and he remains incarcerated (People ex rel. Justice v Racette, 111 AD3d 1041 [2013], lv denied 22 NY3d 861 [2014]).

Dissatisfied with the treatment that he had received prior to and during his parole release, and believing that Saving Grace had engaged in illegal activity in order to obtain public monies earmarked for parolees under its supervision, petitioner brought a federal civil lawsuit against Saving Grace and others. Petitioner then sought a rehearing of the parole revocation determination in April 2012, arguing that information obtained in the civil suit called into question the credibility of witnesses at the original hearing and revealed the illegal conduct of Saving Grace (see 9 NYCRR 8006.3 [c]). Petitioner commenced a CPLR article 78 proceeding in July 2012 to compel the Board of Parole to respond to his request, which petition was dismissed as premature. He commenced a second CPLR article 78 proceeding seeking the same relief in February 2013, which petition was dismissed as academic after the Board denied petitioner's application for a rehearing in April 2013.

Shortly after the Board rendered its determination, petitioner commenced the present CPLR article 78 proceeding, seeking to annul that determination and the disqualification of respondent Albany County District Attorney so that a special prosecutor could probe the claims of malfeasance alleged in his civil action. The District Attorney served an answer and asserted that petitioner had not articulated a valid basis for his disqualification. Respondent Chair of the Division of Parole filed a pre-answer motion to dismiss the petition, arguing that the present proceeding was essentially identical to the one commenced in February 2013. Supreme Court granted the Chair's motion, agreed with the District Attorney that the appointment of a special prosecutor was unwarranted, and dismissed the petition. Petitioner now appeals.

The record reflects, and the Chair concedes, that the February 2013 proceeding did not deal with issues identical to those in the present case, insofar as the former sought to compel the Board to issue a determination upon petitioner's request for a rehearing and the latter seeks to review the determination itself. Under the circumstances presented by this case, we agree with the Chair that "the facts are [not] so fully presented in the papers of the respective parties that it is clear that no dispute as to the facts exists and no prejudice will result from the failure to require an answer" (Matter of Nassau BOCES Cent. Council of Teachers v Board of Coop. Educ. Servs. of Nassau County, 63 NY2d 100, 102 [1984]). As such, we remit so that the Chair may file an answer and administrative record (see CPLR 7804 [e], [f]; Matter of Bethelite Community Church, Great Tomorrows Elementary School v Department of Envtl. Protection of City of N.Y., 8 NY3d 1001, 1002 [2007]).

Petitioner also argues that Supreme Court erred in dismissing that part of the petition seeking the appointment of a special prosecutor to investigate the purportedly illegal activities of Saving Grace. Such a request would ordinarily constitute an impermissible attempt to force a prosecutor to act upon petitioner's allegations of criminality (see Matter of Pettus v District Attorney, N.Y. County, 76 AD3d 1153, 1154 [2010]; Matter of Dyno v Hillis, 274 AD2d 908, 910 [2000], appeal dismissed 95 NY2d 958 [2000], lv denied 96 NY2d 706 [2001]). Petitioner nevertheless contends that the appointment of a special prosecutor is warranted here because the District Attorney is "disqualified from acting" due to his professional involvement with state officials who purportedly wish to avoid an investigation into petitioner's allegations (County Law § 701 [1]). We need only note, however, that petitioner falls far short of making the requisite showing that the District Attorney has a conflict of interest in dealing with petitioner's allegations because of those professional relationships or that any targets of a criminal investigation would be prejudiced by them (see Matter of Soares v Herrick, 20 NY3d 139, 146-147 [2012]; Matter of Schumer v Holtzman, 60 NY2d 46, 55 [1983]; Matter of Columbia County Subpoena Duces Tecum Dated Mar. 20, 2013 [Czajka], 118 AD3d 1081, 1083 [2014]). We are further unpersuaded that this case presents the rare situation wherein

disqualification is warranted due to an appearance of impropriety that "discourage[s] public confidence in our government and the system of law to which it is dedicated" (People v Zimmer, 51 NY2d 390, 396 [1980]; see People v Adams, 20 NY3d 608, 612 [2013]; Matter of Columbia County Subpoena Duces Tecum Dated Mar. 20, 2013 [Czajka], 118 AD3d at 1083).  Supreme Court thus appropriately dismissed the petition insofar as it dealt with the District Attorney.

McCarthy, J.P., Rose, Egan Jr. and Devine, JJ., concur.

ORDERED that the judgment is modified, on the law, without costs, by reversing so much thereof as granted the motion of respondent Chair of the Division of Parole to dismiss the petition; motion denied and matter remitted to the Supreme Court to permit respondent Chair to serve an answer within 20 days of the date of this Court's decision; and, as so modified, affirmed.

ENTER:

Robert D. Mayberger
Clerk of the Court