◼ In the Matter of PATRICIA SCHWARTFIGURE, Appellant, v THOMAS F. HARTNETT, as Commissioner of the New York State Department of Labor, Respondent. [597 NYS2d 764] —Per Curiam. Appeal from a judgment of the Supreme Court (Torraca, J.), entered November 19, 1991 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to, *inter alia,* direct respondent to pay petitioner certain unemployment insurance benefits.

Petitioner was originally found qualified to receive unemployment insurance benefits in 1988. That decision, however, was overturned by the Unemployment Insurance Appeal Board on December 18, 1989, at which time a notice of overpayment and requirement for repayment was sent to petitioner, advising that she had received a total of $2,112 in benefits for which she was, in fact, ineligible, and which she must repay; the overpayment was not the product of any false statement, fraud, or other violation on petitioner's part. That determination was not appealed.

In January 1991, petitioner again became eligible for unemployment benefits. This time, however, petitioner was only paid 50% of the benefit amount for which she qualified. In accordance with a longstanding policy of the Department of Labor, the remaining 50% was set off against the previous overpayment; petitioner's offer to repay the asserted overpayment in smaller installments was rejected.

Petitioner thereupon commenced this hybrid proceeding seeking, *inter alia,* a declaration that respondent is limited to instituting a civil action if it wishes to recover amounts previously overpaid and that respondent may not withhold current benefits as a means to that end. Supreme Court dismissed the petition and petitioner appeals.

Respondent maintains, and we agree, that the Department may exercise a right of setoff to recover amounts erroneously paid, even though the overpayment was not the result of a

claimant's wrongdoing. Such a right ordinarily exists whenever parties have legitimate demands against each other—here the existence and amount of the overpayment is undisputed—and serves to reduce the amount owed to the difference between the claims (see, Matter of Soto [Catherwood], 35 AD2d 395, 397).

Although prior to 1983 Labor Law § 597 (4) acted as a complete bar to the Department's right to recoup funds previously paid in good faith, a 1983 amendment repealed this provision, reestablishing the Department's right of setoff. This interpretation of the effect of the amendment, although challenged by petitioner who claims that the right of action allowed is that of civil suit only, comports with the plain meaning of the new provision (which contains no words of limitation), with the purpose of the amendment (which was intended to broaden respondent's power to recover funds erroneously paid out) and with the broad policy in favor of allowing government agencies to recover such amounts (see, Matter of Cortlandt Nursing Home v Axelrod, 66 NY2d 169, 182, cert denied 476 US 1115; Matter of Leirer v Caputo, 181 AD2d 119, 122, lv granted 81 NY2d 702).

Nor are we persuaded by petitioner's argument that CPLR 5231 and Labor Law § 193 curtail the Department's right of setoff or the manner in which it may be exercised. CPLR 5231 applies to the enforcement of money judgments by means of an income execution, not to the exercise of a right of setoff. Furthermore, respondent's application of the setoff does not constitute an appropriation of petitioner's property, such as would be occasioned by an income execution (see, Matter of Shufelt v Beaudoin, 116 AD2d 422, 424). Labor Law § 193, which recites the specific items which may be withheld from wages, is also inapplicable because unemployment insurance benefits are not "earnings of an employee for labor or services rendered" (Labor Law § 190 [1]), and thus are not viewed as wages for the purposes of that section.

Having concluded that the Department has the right of setoff to recover previous overpayments of benefits from a subsequent award of benefits, it is our view that petitioner has no basis to challenge the manner in which the Department exercises that right. In exercising its right of setoff, the Department could have retained all of the subsequent award of benefits until the overpayment was recouped. In effect, petitioner had neither a right to, nor a legitimate expectation of, receipt of any subsequent award of benefits until the prior overpayment was recouped. Petitioner, therefore, was not

aggrieved by the Department's decision to retain only 50% of the subsequent award of benefits until the overpayment was recouped, and the judgment dismissing the petition should be affirmed.

Mikoll, J. P., Mercure, Crew III and Casey, JJ., concur.

Yesawich Jr., J. (concurring in part and dissenting in part). While I agree with the majority's holding that the 1983 amendment to Labor Law § 597 (4) restored respondent's common-law right of setoff, I also believe that respondent's recoupment policy is a rule within the meaning of, and subject to, the provisions of the State Administrative Procedure Act (hereinafter SAPA), with which respondent has failed to comply.

Initially, I disagree with the majority's conclusion that petitioner is not aggrieved by respondent's implementation of the setoff policy. The agency's imposition of a blanket 50% setoff rate directly affects the rights of those the agency is designed to serve, in that it lessens the actual amount of money that a claimant will receive of the benefit to which he or she is statutorily entitled. For certain individuals, the ensuing decrease in payments may completely frustrate the major purpose of the unemployment insurance program, which is to furnish a financial cushion against the "crushing force" of involuntary unemployment (see, Labor Law § 501). The statutorily established public policy of this State dictates that certain levels of assistance be provided to those in need. Agency action which, as here, arbitrarily reduces that assistance manifestly renders the party whose payments are thereby decreased "aggrieved" as a consequence.

As to the merits, I am of the view that although respondent has a substantive right to setoff, such a substantive right— regardless of whether it is a product of a statute or the common law—is separate and distinct from the agency's authority to effect a particular implementation of that right, which is circumscribed by SAPA. The particular implementation chosen by respondent in this case, a 50% across-the-board withholding, plainly fits the definition of a "rule" set forth in SAPA (see, Matter of Roman Catholic Diocese v New York State Dept. of Health, 109 AD2d 140, 147 [Levine, J., dissenting in part], revd on dissenting opn below 66 NY2d 948); it is a " 'preset, rigid numerical policy' " (supra, at 147, quoting Matter of Sturman v Ingraham, 52 AD2d 882, 885), and therefore must be promulgated in accordance with the notice, comment and filing procedures outlined in State Administrative Procedure Act § 202. Furthermore, because this rule

directly affects benefit payments, it clearly involves more than merely the internal management of the agency *(compare, Matter of Krauskopf v Perales,* 139 AD2d 147, 149-151, *affd* 74 NY2d 730). Inasmuch as the record does not reflect that the rulemaking procedures dictated by SAPA were observed, respondent's 50% setoff rule is, in my judgment, invalid, and its application to petitioner is arbitrary and capricious.

Accordingly, I would reverse the judgment, grant the petition to the extent of declaring respondent's policy of withholding 50% of benefits invalid, and order respondent to redetermine petitioner's benefits after taking into account the facts and circumstances of her individual situation at the time the benefits were payable.

Ordered that the judgment is affirmed, without costs.