[604 NYS2d 314]

In the Matter of MARTIN B. SCHNEIDER et al., Respondents, v JOSEPH M. BRESS, as Executive Director of the New York State Ethics Commission, Appellant.

Third Department, December 2, 1993

### APPEARANCES OF COUNSEL

*Robert Abrams, Attorney-General,* Albany *(Siobhan S. Crary* of counsel), for appellant.

*Martin B. Schneider,* New York City, respondent *pro se.*

### OPINION OF THE COURT

CREW III, J.

Petitioners Martin B. Schneider and George G. Janis are attorneys employed by the State Division of Housing and Community Renewal; Schneider is employed as a senior attorney while Janis is employed as a Hearing Officer. As State employees earning in excess of $30,000 in 1989, petitioners were required to file an annual financial disclosure statement for calendar year 1988 in accordance with Public Officers Law § 73-a.* On or before April 1, 1989, petitioners applied to the State Ethics Commission for exemptions from the filing requirement in accordance with Executive Law § 94 (9) (k). Those requests were denied, and petitioners thereafter commenced a CPLR article 78 proceeding challenging respondent's determinations. Supreme Court annulled the determinations based upon respondent's failure to articulate a sufficient basis for the denials and remitted the matters for further consideration. Upon reconsideration, respondent again denied the requested exemptions, finding that petitioners' respective duties could encompass those activities set forth in Executive Law § 94 (9) (k) (i)-(iv), thereby precluding an ex-

---

* As enacted by Laws of 1987 (ch 813, § 3), Public Officers Law § 73-a required, *inter alia,* that State officers or employees who earned over $30,000 per year or who were in policy-making positions file a yearly financial disclosure statement. The statute was subsequently amended (L 1989, ch 242) to increase the compensation level at which disclosure was required. The amendment became effective January 1, 1990, and it appears that petitioners have not been required to file a disclosure statement since that time.

emption and, further, that the public interest required disclosure.

Petitioners thereafter commenced this CPLR article 78 proceeding to annul respondent's determinations. Ultimately, Supreme Court granted the petition, ordering that petitioners be granted the requested exemptions, that Schneider's previously filed disclosure statement be returned and that any information derived therefrom be expunged from the Commission's records. This appeal by respondent followed.

At issue on appeal is the construction given Executive Law § 94 (9) (k) which provides, in pertinent part, that the Commission may grant an exemption from the financial disclosure requirements to employees who are not employed in a policymaking position in accordance with the relevant rules and regulations governing such exemptions. The statute further provides that "[s]uch rules and regulations may permit the granting of an exemption where, in the discretion of the commission, the public interest does not require disclosure *and* the applicant's duties do not involve [certain enumerated activities]" (Executive Law § 94 [9] [k] [emphasis supplied]). It is petitioners' position that the phrase "applicant's duties" compels the Commission, in reviewing an application for an exemption, to render a determination based upon the applicant's actual job duties, as opposed to his or her job title or classification. Thus petitioners argue, and Supreme Court found, that it was arbitrary and capricious for respondent to deny the requested exemptions based upon petitioners' respective job classifications when the documentation submitted in support of their applications indicated that petitioners did not actually engage in any of the disqualifying activities set forth in Executive Law § 94 (9) (k) (i)-(iv). We cannot agree and, accordingly, reverse.

It is well settled that as the agency charged with the administration of Executive Law § 94, the Commission's construction of that statute and the corresponding implementing regulations *(see,* 19 NYCRR part 935) will be upheld if not irrational *(see, Matter of John v New York State Ethics Commn.,* 178 AD2d 51, 55, *lv denied* 80 NY2d 753; *see also, Matter of 985 Fifth Ave. v State Div. of Hous. & Community Renewal,* 171 AD2d 572, 575-576, *lv denied* 78 NY2d 861). Although the broad powers conferred by Executive Law § 94 (9) (k) would, in our view, certainly *permit* the Commission to consider an applicant's actual job duties, neither the statute nor the regulations *compel* it to do so. Indeed, the regulations

expressly authorize the Commission to determine "whether the duties of the title(s) or job classification(s) include any of the duties which are set forth in section 94 (k) of the Executive Law, without further inquiry" (19 NYCRR 935.3 [a]), which, in turn, is entirely consistent with the statutory provision. In our view, the Commission's consideration of an applicant's job title or over-all job classification, as opposed to the specific duties he or she may perform at a given point in time, is not only rational but is also consistent with and furthers the underlying legislative intent (see generally, mem of Sen Anderson, 1987 NY Legis Ann, at 277-278).

Moreover, even if we were to conclude that respondent erred in denying petitioners' applications upon the basis of job classification, we would nevertheless find that the record supports respondent's alternative ground for denying the requested exemptions, i.e., that financial disclosure was required in the public interest, and, further, that denial of the applications upon that basis was entirely reasonable. Petitioners' remaining arguments for affirmance have been examined and found to be lacking in merit.

WEISS, P. J., MERCURE and WHITE, JJ., concur.

Ordered that the judgment is reversed, on the law, without costs, and petition dismissed.