OPINION OF THE COURT
 

 Levine, J.
 

 In 1988, petitioner was originally found qualified for and began to receive unemployment insurance benefits. The initial determination was overruled by the Unemployment Insurance Appeal Board in December 1989, however, and a notice of determination was sent to petitioner informing her that she was required to repay a total of $2,112 in benefits which had been erroneously overpaid to her. This overpayment was not found to be due to any willful misrepresentation or other violation on the part of petitioner. Petitioner chose not to appeal the Board’s determination.
 

 In January 1991, petitioner again applied for and was found qualified to receive unemployment benefits. However, when she began receiving benefits in February 1991, respondent, in accordance with long-standing policy, paid petitioner only 50% of the benefits for which she was eligible, setting off the remaining 50% to recover the previous overpayment. An offer by petitioner to repay the prior overpayment in lesser installments was rejected by respondent.
 

 Petitioner commenced this hybrid declaratory judgment and CPLR article 78 proceeding seeking,
 
 inter alla,
 
 a declaration that respondent’s method of recoupment violated Labor Law § 597 (4), and that the recoupment policy constituted a "rule” within the meaning of the State Administrative Procedure Act such that respondent was required to propose and promulgate the policy pursuant to the requirements of that Act. Supreme Court dismissed the petition and petitioner appealed. The Appellate Division affirmed (193 AD2d 907), holding that a 1983 amendment to Labor Law § 597 (4) restored respondent’s common-law right of setoff and that petitioner had no basis to challenge the method by which respondent exercised that right. This Court granted petitioner leave to appeal, and we now reverse.
 

 As to petitioner’s first argument on this appeal, that respondent’s method of recoupment contravenes Labor Law § 597 (4), we agree with the Appellate Division that the 1983 amendment to that statute restored respondent’s common-law right of setoff to recoup funds erroneously paid to claimants. We
 
 *300
 
 have previously held that, under proper circumstances, an administrative agency possesses a common-law right of recoupment to recover erroneous payment of public funds
 
 (see, Matter of Leirer v Caputo,
 
 81 NY2d 455;
 
 Matter of Daleview Nursing Home v Axelrod,
 
 62 NY2d 30;
 
 see also, Matter of Mayflower Nursing Home v Office of Health Sys. Mgt,
 
 88 AD2d 192,
 
 affd
 
 59 NY2d 935), consistent with the strong public policy of this State to recover public funds improperly received
 
 (see, Matter of Cortlandt Nursing Home v Axelrod,
 
 66 NY2d 169, 182,
 
 cert denied
 
 476 US 1115). Prior to 1983, Labor Law § 597 (former [4]) totally abrogated respondent’s right to recoup benefits overpaid through no fault of the recipient, specifying that a new determination resulting in a loss of eligibility for benefits:
 

 "shall not affect the rights to any benefits already paid under the authority of the prior determination or decision provided they were accepted by the claimant in good faith and the claimant did not make any false statement or representation and did not wilfully conceal any pertinent fact in connection with his claim for benefits.”
 

 In 1983, the Legislature repealed this provision (L 1983, ch 415, § 9), substituting present Labor Law § 597 (4) which provides:
 

 "[wjhenever a new determination * * * results in a decrease or denial of benefits previously allowed, the commissioner shall have a right of action for recovery of moneys paid pursuant to the prior determination or decision.”
 

 Petitioner urges that the legislative grant of a "right of action” in the revised section 597 (4) merely authorizes recovery of overpayments through a civil suit, and thus provides no warrant for respondent’s method of recoupment by setoff. However, although respondent’s
 
 statutory
 
 remedy to recoup overpaid funds may thus be limited to a civil suit as petitioner contends, we conclude that the Legislature’s repeal of the previous ban on recoupment, in conjunction with its statutory recognition of a valid claim against any overpayment, effectively restored respondent’s common-law right of setoff to recoup those erroneously paid funds. Here, where the fact and amount of overpayment to petitioner were determined and made definite by a fair adjudicative procedure
 
 (cf., Matter of Leirer v Caputo, supra,
 
 at 459-460), this right of recoupment
 
 *301
 
 may properly extend to the recapture of funds through setoff by respondent in this case.
 

 Although respondent had a right of setoff to recover over-payments of benefits to petitioner, we disagree with the view of the majority at the Appellate Division that petitioner has no standing to challenge the manner in which respondent exercises that right. Respondent argued successfully before the Appellate Division that, since respondent could have withheld 100% of the second award of benefits until the overpayment was recouped, petitioner was not aggrieved by respondent’s policy to retain only 50% of those benefits. We agree with the partially dissenting opinion of Justice Yesawich, Jr., at the Appellate Division that the existence of the right of setoff must be seen as distinct from the particular manner in which the administrative agency here chose to implement that right. In the absence of any applicable statutory exception, the procedure chosen by the agency to implement its right of setoff is circumscribed by the rule-making requirements of the State Administrative Procedure Act. It follows that if under the State Administrative Procedure Act respondent’s 50% recoupment policy required the promulgation of a rule, petitioner, to whom the policy is being directly applied, has standing to challenge respondent’s noncompliance with the State Administrative Procedure Act, notwithstanding that a more stringent policy might have been implemented.
 

 Section 102 (2) (a) (i) of the State Administrative Procedure Act defines a "rule” as "the whole or part of each agency statement, regulation or code of general applicability that implements or applies law, or prescribes a fee charged by or paid to any agency or the procedure or practice requirements of any agency”. In
 
 Matter of Cordero v Corbisiero
 
 (80 NY2d 771), we adopted for purposes of determining what constitutes a "rule” under the State Administrative Procedure Act the criterion for constitutional filing purposes articulated in
 
 Matter of Roman Catholic Diocese v New York State Dept. of Health
 
 (66 NY2d 948) embracing "a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers”
 
 (id.,
 
 at 951). Respondent’s 50% set-off policy for nonwillful overpayments is a rigid, numerical policy invariably applied across-the-board to all claimants without regard to individualized circumstances or mitigating factors, and as such falls plainly within the definition of a "rule” for State Administrative Procedure Act
 
 *302
 
 purposes. The policy cannot be characterized as concerning only the internal management of the agency
 
 (see,
 
 State Administrative Procedure Act § 102 [2] [b] [i]), as the recoupment undertaken thereby directly and significantly affects that segment of the public over which respondent exercises direct authority
 
 (cf., Matter of Krauskopf v Perales,
 
 139 AD2d 147,
 
 affd
 
 74 NY2d 730
 
 for reasons stated below).
 
 We therefore conclude that the policy, in its present form and manner of application, is subject to the rule-making procedures set forth in the State Administrative Procedure Act
 
 (see,
 
 § 202).
 

 Respondent’s setoff of 50% of petitioner’s benefits having been accomplished pursuant to an administrative rule not properly promulgated under the State Administrative Procedure Act, petitioner is entitled to a determination and recovery of the amount of benefits which would not have been set off had petitioner’s individual facts and circumstances at the time the benefits were payable been considered by respondent.
 

 Accordingly, the order of the Appellate Division should be reversed, with costs, respondent’s 50% set-off policy declared invalid and the case remitted to Supreme Court with directions to remand to respondent for further proceedings in accordance with this opinion.
 

 Chief Judge Kaye and Judges Simons, Bellacosa, Smith and Ciparick concur; Judge Titone taking no part.
 

 Order reversed, etc.