■ In the Matter of PALLETTE STONE CORPORATION, Appellant, v STATE OF NEW YORK OFFICE OF GENERAL SERVICES et al., Respondents. [665 NYS2d 457] —Spain, J. Appeal from a judgment of the Supreme Court (Hughes, J.), entered August 15, 1996 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to declare illegal a determination of respondent Office of General Services granting respondent Peckham Materials Corporation a price reduction pursuant to a certain contract award.

On or about September 26, 1995, petitioner and respondent Peckham Materials Corporation both responded to an invitation for sealed bids issued by respondent State Office of General Services (hereinafter OGS). The invitation called for bids for bituminous concrete for the contract period from January 1, 1996 to December 31, 1996. Group specifications (the contract agreement between OGS and any bidders) for the contract term provided that this was a "multiple awards" contract (see, State Finance Law § 163 [10]); more specifically, the bids would not be for specific projects, but rather approved bids would be placed on a list from which purchase orders could be placed for the period of the contract.

The record reveals that 70 bids were received and opened on November 13, 1995, including bids from petitioner and Peckham. At the time of the opening, the bids received from petitioner were lower than all of Peckham's bids for the base price of the concrete. Thereafter, on February 1, 1996, before the contract awards for the OGS contract had been announced, Peckham submitted a bid for bituminous concrete to Washington County. This bid was approximately 20% lower than the bid previously submitted to OGS in November 1995. In an unsolicited letter dated February 9, 1996, Peckham wrote to OGS informing OGS of the lower bid to Washington County. On March 8, 1996, the notice of contract was issued to 64 of the 70 bidders, including petitioner and Peckham. Peckham's price reduction was not included in the contract awards because the bid tabulations had already been submitted to the State Comptroller prior to the notification by Peckham. By a purchasing memorandum issued March 14, 1996, OGS acknowledged and approved the price reduction by Peckham.

As a result of the issuance of the purchasing memorandum,

petitioner initiated this combined CPLR article 78 proceeding and action for declaratory judgment. Petitioner's request for a stay pursuant to CPLR 7805 to enjoin reliance upon the purchasing memorandum was denied. Petitioner then filed a verified petition/complaint and OGS and Peckham thereafter answered. Subsequently, Supreme Court dismissed the petition. Petitioner appeals.

We affirm. Multiple awards contracts are provided for under State Finance Law § 163 (10) (c) (as added by L 1995, ch 83, § 33, eff July 20, 1995) which provides, in pertinent part, as follows: "The commissioner or state agency may elect to award a contract to one or more responsive and responsible offerers provided, however, that the basis for the selection among multiple contracts at the time of purchase shall be the most practical and economical alternative and shall be in the best interests of the state." This is a relatively new type of contract authorized by the State Finance Law which does not award a single contract, but rather makes a bidder eligible to receive purchase orders for the length of the contract. Here, the record reveals that postbid reductions were clearly contemplated for all bidders, including petitioner, in the group specifications which stated that "[a]ny price reduction granted will not impact any purchases in progress where orders have already been placed with a contractor. Price reductions will be effective 10 calendar days after the date shown on the purchasing memorandum giving such notice."

In our view, petitioner's contention that the postbid reduction allowed herein undermined the bidding process is unavailing. The Court of Appeals has held that the purpose of the bidding process is " 'to guard against favoritism, improvidence, extravagance, fraud and corruption' " (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, 66 NY2d 144, 148, quoting *Jered Contr. Corp. v New York City Tr. Auth.*, 22 NY2d 187, 193). Further, the Court stated that the purpose of the laws was to benefit the taxpayer, not to "enrich the corporate bidders" (*Matter of Conduit & Found. Corp. v Metropolitan Transp. Auth.*, *supra*, at 148). Here, the postbid price reduction for future purchase orders has the effect of benefiting taxpayers in that the State can purchase the commodity at a lower price. Clearly, if the State could not give effect to postbid reductions, then it would be forced to accept a price that may have reflected market prices at the time of bidding but one that is unnecessarily high throughout the term of the contract. Moreover, an agency's interpretation of the statute and regulations it is charged to uphold should be upheld by a court unless ir-

rational (*see, Matter of Schneider v Bress*, 194 AD2d 36, 38, *lv denied* 83 NY2d 759). In our view, Supreme Court's decision holding that OGS had rationally interpreted the new language of State Finance Law § 163 to allow for postbid reductions under the terms of this specific contract was reasonable and not arbitrary or capricious.

Next, we reject petitioner's contention that OGS improperly failed to formally promulgate a rule reflecting the policy allowed under this contract for postbid reductions. State Administrative Procedure Act § 102 (2) (a) (i) defines a rule as "the whole or part of each agency statement, regulation or code of general applicability that implements or applies law". The Court of Appeals has held that: " 'only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation required by NY Constitution, article IV, § 8' or State Administrative Procedure Act § 102 (2) (b) (i) to be filed in the office of the Department of State and published in the State Register" (*Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 229, quoting *Matter of Roman Catholic Dioceses v New York State Dept. of Health*, 66 NY2d 948, 951). A rule involves a mandatory procedure that is applied across the board without discretion (*see, Matter of Cordero v Corbisiero*, 80 NY2d 771, 773-774; *see also, Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301). Here, however, the standards applicable to multiple awards contracts allow for considerable discretion, namely "in the best interests of the state" and "the most practical and economical alternative" (State Finance Law § 163 [10] [c]). Moreover, the group specifications themselves allowed for discretion in that OGS may or may not grant the reduction. Accordingly, we conclude that no rule had to be formally promulgated under the State Administrative Procedure Act.

Having made such determinations, we find no reason to address respondent's remaining contentions.

Mercure, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs. [*See,* 168 Misc 2d 869.]