■ In the Matter of POUGHKEEPSIE RURAL CEMETERY, Appellant, v ALEXANDER F. TREADWELL, as Secretary of State, et al., Constituting the New York State Cemetery Board, Respondents. [676 NYS2d 338] —Graffeo, J. Appeal from a judgment of the Supreme Court (Teresi, J.), entered November 24, 1997 in Albany County, which dismissed petitioner's application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to review a determination of the New York State Cemetery Board denying petitioner's request for approval of construction pursuant to 19 NYCRR 201.16.

Petitioner, a not-for-profit corporation operating a cemetery

in the Town of Poughkeepsie, Dutchess County, entered into a lease agreement with Robert H. Auchmoody Funeral Homes, Inc. (hereinafter Auchmoody). Auchmoody agreed to lease a three-acre parcel from petitioner for the purpose of constructing and operating a funeral home and related businesses. The duration of the lease was a term of 40 years with four 10-year options to renew. It provided for rent in the amount of $36,000 per year with annual increases, and at the termination of the lease term petitioner would own the buildings. Further, the lease was assignable with petitioner's consent. The agreement was deemed canceled if all authorizations and permits were not obtained by April 1, 1997.

Hence, petitioner submitted its application to the New York State Cemetery Board for approval in accordance with 19 NYCRR 201.16. The Board, by a unanimous vote, denied the application by a resolution dated February 5, 1997 and issued its notice of denial dated February 24, 1997. Thereafter, petitioner commenced a combined CPLR article 78 proceeding and action for declaratory judgment seeking, *inter alia*, an annulment of the Board's denial and a declaration that the Board's review was limited to an examination of the physical impact on the cemetery grounds and the cost to petitioner. Supreme Court denied the petition and petitioner appeals.

We affirm. Pursuant to 19 NYCRR 201.16 (a), no major alteration to a cemetery may take place until approval is issued by the Board. We reject petitioner's contention that the Board did not consider appropriate factors involving the proposed major alteration as set forth in 19 NYCRR 201.16 (c). In denying petitioner's application, the Board reviewed several aspects of the proposed project consistent with its regulatory authority. The Board determined that the proposal had potential adverse financial repercussions for petitioner in that the duration of the lease would preclude future alternatives and petitioner had not presented sufficient proof that it adequately sought offers from other entities (*see*, 19 NYCRR 201.16 [c] [3]). Whether the placement of this particular funeral business on cemetery property would create an unfair business advantage over other cemeteries and funeral operations in the community was another consideration of the Board. The nature and duration of the relationship between a not-for-profit cemetery and a for-profit funeral home was deemed significant as a source of potential conflict with the interests of lot owners (*see*, 19 NYCRR 201.16 [c] [4]).

Further, the Board found the proposed construction inappropriate when viewed in light of the public policy concerns

underpinning the statutorily mandated not-for-profit status of cemeteries (*see*, 19 NYCRR 201.16 [c] [5]; N-PCL 1501). It was also within the Board's authority to question whether the alteration would have an adverse impact on the surrounding community (*see*, 19 NYCRR 201.16 [c] [6]). Contrary to petitioner's contention, the Board's consideration of the nature and duration of the lease, as well as the construction itself, was proper since the major alteration was inextricably entwined with the provisions of the lease. Affording deference to the Board's decision, the record establishes that the interpretation and application of the regulations was reasonable (*see, Matter of Rodriguez v Perales*, 86 NY2d 361; *American Tr. Ins. Co. v State of New York*, 225 AD2d 117, *lv denied* 89 NY2d 816).

We reject petitioner's argument that the Board's comprehensive report indicating its opposition to relationships between funeral homes and not-for-profit cemeteries was unlawful rulemaking. This declaration did not constitute a rule since it is not a mandatory procedure applied without discretion (*see, Matter of Pallette Stone Corp. v State of New York Off. of Gen. Servs.*, 245 AD2d 756; *cf., Matter of Schwartfigure v Hartnett*, 83 NY2d 296). Whether the Board's determination was arbitrary and capricious must be determined in regard to the particular facts and circumstances of each case. Further, petitioner's contention that the Board's determination conclusively determined that all contracts between a cemetery and a for-profit entity were void is unavailing (*see, e.g., Matter of Lafayette Stor. & Moving Corp. [Hartnett]*, 77 NY2d 823). Rather, the Board's determination was limited to the factual circumstances of this particular contractual relationship.

All remaining contentions raised by petitioner are found to be without merit.

Cardona, P. J., White, Peters and Carpinello, JJ., concur. Ordered that the judgment is affirmed, without costs.