*777 OPINION OF THE COURT
Ciparick, J.
In this case, Alca Industries petitions to have the Office of General Services (OGS) return its $11,800 bid security. As required by the OGS bid advertisement for an oil separator project, and in conjunction with its bid, Alca had provided this security in the form of a bid bond. The day after OGS opened the bids, however, it became apparent that Alca had failed to include an allowance for “washwater treatment equipment,” a component specified in the project manual accompanying the bid advertisement. Alca immediately requested that it be allowed to withdraw its bid and that OGS return its bid security. OGS considered this request in light of the bid withdrawal criteria set forth in the instructions and determined that Alca had failed to show that the mistake occurred in “the absence of negligence in the preparation of the bid.” As a result, OGS retained the bid security.
In the petition seeking to overturn OGS’s determination, Alca argued that the OGS bid withdrawal criteria and procedures were “rules” within the meaning of article 2 of the State Administrative Procedure Act, and absent promulgation in compliance with the State Administrative Procedure Act *778 could not be enforced (see, State Administrative Procedure Act § 202; see also, NY Const, art IV, § 8 [requiring rules to be filed with Secretary of State]). OGS contended that no policy or regulation mandated that these same withdrawal criteria be used in the future. They were not rules, OGS argued, but were contractual provisions to which Alca became bound by placing its bid. Both the Supreme Court and the Appellate Division agreed with Alca. We now reverse.
Key to our reversal is the distinction between ad hoc decision making based on individual facts and circumstances, and rulemaking, meaning “any kind of legislative or quasi-legislative norm or prescription which establishes a pattern or course of conduct for the future” (People v Cull, 10 NY2d 123, 126). The State Administrative Procedure Act defines a “rule” as “the whole or part of each agency statement, regulation or code of general applicability that implements or applies law, or prescribes a fee charged by or paid to any agency or the procedure or practice requirements of any agency” (State Administrative Procedure Act § 102 [2] [emphasis added]). Choosing to take an action or write a contract based on individual circumstances is significantly different from implementing a standard or procedure that directs what action should be taken regardless of individual circumstances. Rulemaking, in other words, sets standards that substantially alter or, in fact, can determine the result of future agency adjudications.
The case law illustrates this distinction. Administrative orders establishing a speed limit were “rules” required to be filed with the Secretary of State because they “plainly establish[ed] a general course of operation to be effective for the future” (People v Cull, supra, 10 NY2d, at 127). Similarly, a blanket requirement regarding where and when service of a suspension for an infraction must be made was a rule subject to the State Administrative Procedure Act’s rule-making procedures (Matter of Cordero v Corbisiero, 80 NY2d 771). Likewise, a Department of Labor procedure, uniformly applied, which required that previous overpayments of unemployment insurance benefits always be recouped by deducting 50% of the amount of future payments, was a rule (Matter of Schwartfigure v Hartnett, 83 NY2d 296).
In contrast, agency penalty guidelines that “vest inspectors with significant discretion, and allow for flexibility in the imposition of penalties, all with the view of imposing the appropriate sanction for the individual offense and offender in the particular case” are not rules under the State Administra *779 tive Procedure Act or the New York Constitution (Matter of New York City Tr. Auth. v New York State Dept. of Labor, 88 NY2d 225, 229; see also, Matter of Roman Catholic Diocese v New York State Dept. of Health, 66 NY2d 948, 951, revg on dissent below 109 AD2d 140, 146 [Levine, J., dissenting in part]). Conceptually similar to the current case, Matter of Williams v Smith held that conditions of parole cannot be considered rule-making because they do not establish general standards of conduct, but instead find their “force and authority * * * [by] incorporation in a particular individual’s parole agreement” (72 NY2d 939, 940).
In light of the distinction drawn in the cases, there can be little doubt that OGS was not acting in its quasi-legislative rule-making capacity when it decided to include the withdrawal criteria in its bid advertisement for this project, but rather in its discretionary capacity. Far from setting a general standard of conduct, the withdrawal criteria only purported to cover the bidding for a particular contract. Nothing in the record indicates that these same bid withdrawal criteria were required for any and all contract bidding. To the contrary, the bid withdrawal procedures were selected each time to be a part of each bid package. As is true for each project, and as evidenced by the project manual in this case, OGS must determine what specifications and requirements are necessary for each project.
Unlike Matter of J. D. Posillico, Inc. v Department of Transp. (160 AD2d 1113), in which the Honest Error Review Unit of the Department of Transportation applied fixed standards for all contract bidding, here the “force and authority” of the bid withdrawal procedures stem solely from the fact that OGS selected them for this bid invitation, which Alca agreed to when it submitted its bid (see, Matter of Williams v Smith, supra). Since Alca’s rights and remedies were entirely determined on the basis of bidding conditions to which it had assented, no policy of OGS can be said to have been “completely conclusive of the rights and remedies of the affected party,” requiring promulgation as a rule (Matter of Roman Catholic Diocese v New York State Dept. of Health, supra, 109 AD2d, at 147 [dissenting in part opn], revd on dissenting opn below 66 NY2d 948).
Although OGS might have followed the course taken by the Department of Transportation in Posillico and adopted fixed bid withdrawal standards, nothing compelled it to do so. Indeed, the statute authorizing OGS to take bids on public work contracts grants discretion in determining what should *780 be contained in bid advertisements (see, Public Buildings Law § 8 [2]). In this case, OGS exercised the discretion given to it by statute to include “other matters” relevant to bidding on the particular contract and not its rule-making authority. Moreover, inclusion of the bid withdrawal standards appears wholly in line with the overarching authority granted OGS to “best promote the public interest” by awarding contracts to the “lowest responsible and reliable bidder” (Public Buildings Law § 8 [6]).
Nor does our decision deprive contractors of notice. To be sure, one of the principal problems addressed by the filing requirements of the State Administrative Procedure Act and the New York Constitution was that there were “no public rules or regulations of the departments of which the public generally ha[d] any notice” (2 Revised Record of Constitutional Convention of 1938, at 1429 [Statement of Senator Fearon]). Here, Alca could conform its bid to OGS expectations and standards, and it knew precisely what circumstances would result in forfeiture of its bid deposit. Appearing at the beginning of the bid instructions, the bid withdrawal procedures were there for any contractor interested in the project to read. Having submitted the bid based on this invitation, Alca cannot complain about a lack of notice of the conditions contained within it.
As the Supreme Court expressly did not review the remaining contentions in Alca’s petition, we remit to that court.
Accordingly, the order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court for further proceedings in accordance with this opinion.
Chief Judge Kaye and Judges Bellacosa, Smith, Levine, Wesley and Rosenblatt concur.
Order reversed, etc.