Janice MACK, Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF HEALTH & FAMILY SERVICES,
Respondent-Respondent.†

Court of Appeals

*No. 99–0627. Submitted on briefs October 22, 1999.—Decided
November 24, 1999.*

(Also reported in 605 N.W.2d 651.)

†Petition to review denied.

644

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *Kara Puklich Morgan* and *Carol Wessels Plaisted* of *Legal Action of Wisconsin.*

On behalf of the respondent-respondent, the cause was submitted on the brief of *James E. Doyle,* attorney general and *Thomas C. Bellavia,* assistant attorney general.

Before Brown, P.J., Nettesheim and Anderson, JJ.

¶ 1. ANDERSON, J. Through no fault of her own, Janice Mack, a seventy-six-year-old, disabled individual, was overpaid $837.80 in state Supplemental Security Income (SSI) benefits. Once the Wisconsin Department of Health & Family Services (DHFS) realized the error, it notified Mack and determined that, following its written policy, it would recoup these funds by deducting 10% of Mack's future SSI benefits payments until the overpayment amount was recovered. Mack objected that DHFS was not authorized to administratively recoup the overpayment from her SSI benefits. A DHFS hearing examiner and the circuit court disagreed. To the contrary, we determine that a statutory right or an administrative rule must exist before an administrative recoupment can take place and reverse.

¶ 2. Wisconsin has opted to complement an eligible individual's federal SSI benefits by paying him or her an additional sum or a state SSI benefit. *See* § 49.77, STATS. Section 49.77 authorizes DHFS to pay benefits, Mack argues, but does not authorize it to recoup overpayments. Mack notes that, in some circumstances, the legislature has specifically granted agencies the authority to recover public assistance benefits. *See* § 49.195(3), STATS. (directing the Department to recover overpayments made under §§ 49.19, .148, .155, .157, STATS.). Because DHFS is not statutorily granted a right to recover state SSI overpayments, Mack argues that DHFS has exceeded its authority by administratively doing so.

¶ 3. When considering the nature and scope of an agency's authority, we are presented with an issue of statutory construction. *See DILHR v. LIRC*, 155 Wis. 2d 256, 263, 456 N.W.2d 162, 165 (Ct. App. 1990). We review statutory construction questions de novo. *See id.*

¶ 4. We agree with Mack that there is no statutory authority for DHFS to administratively recover its overpayment from Mack's future benefits payments. The statute explains state SSI eligibility and payment levels and provides DHFS the option to allow the federal government to administer the distribution of payments. *See* § 49.77, STATS. The statute does not cover the situation presented in this case.

¶ 5. However, this does not end our inquiry. DHFS responds by contending that even if it does not have statutory authority for its action, it still has a common law right of recovery of the erroneous overpayments. It further notes that the chosen method of

repayment, deducting 10% from Mack's future benefits payments, is consistent with its written policy.

¶ 6. Indeed, an administrative agency generally possesses a common law right of recoupment to recover erroneous payments of public funds. *See Kenosha County Dep't of Soc. Servs. v. Kenosha Nat'l Bank,* 95 Wis. 2d 275, 279–80, 290 N.W.2d 693, 695 (1980). Mack does not dispute that a common law right of recoupment exists, but does dispute the manner in which DHFS has sought to exercise its common law right. In particular, she takes issue with DHFS's administrative method of recovery. She argues that DHFS could sue her to exercise its common law recoupment right or it could administratively reclaim the funds pursuant to a statute or rule. Because there is no governing statute or rule, she claims that DHFS's administrative benefits repayment deduction was unauthorized. We agree.

¶ 7. DHFS relies on its written policy as support for the procedure used to recoup the benefits overpayments to Mack. DHFS's guidelines include an Overpayment Policy. This policy states that, in certain instances, it will waive its right to recover overpayments. The policy also specifies the guidelines for recoupment of state SSI overpayments as follows:

> The recovery of State SSI overpayments from current State SSI recipients will be established at 10% of their monthly State SSI check, unless the recipient agrees to a larger percentage reduction.

¶ 8. When an agency adopts a procedure to implement a statute, the procedure falls under the rule–making requirements of ch. 227, STATS., entitled ADMINISTRATIVE PROCEDURE AND REVIEW. There, the legislature directs agencies to "promulgate as a rule each statement of general policy . . . which it

specifically adopts to govern its enforcement or administration of that statute." Section 227.10(1), STATS. A rule is defined as a "regulation, standard, statement of policy or general order of general application which has the effect of law and which is issued by an agency to implement, interpret or make specific legislation enforced or administered by the agency or to govern the organization or procedure of the agency." Section 227.01(13), STATS. For a rule to be properly promulgated, it must be subjected to a notice period, an opportunity for public comment, legislative review and publication. *See* §§ 227.16–.21, STATS.

¶ 9. DHFS argues that its Overpayment Policy should not be considered a rule and subject to the implementation requirements in ch. 227, STATS. It distinguishes the policy from a "rule" because, through its waiver provisions, it makes individual determinations.

¶ 10. We determine that DHFS's policy is a rule for two reasons. First, the policy satisfies the rule definition put forth in § 227.01(13), STATS., and, second, the policy is similar to that declared to be a rule in *Schwartfigure v. Harnett*, 632 N.E.2d 434 (N.Y. 1994). The *Schwartfigure* court held that a New York State Department of Labor's policy that it would recoup overpaid benefits by setting off 50% of current benefits payments until the Department was repaid was a rule subject to that state's Administrative Procedure Act's rule-making requirements. *See id.* at 436. It concluded that the policy was a "rigid, numerical policy invariably applied across-the-board to all claimants without regard to individual circumstances or mitigating factors." *Id.*

¶ 11. DHFS attempts to distinguish its policy from that in *Schwartfigure* by pointing to the fact that its policy is not completely rigid because it allows for

individuals to qualify for recoupment waivers.[1] Although DHFS's policy may not appear as rigid as the *Schwartfigure* policy, it still meets the ch. 227, STATS., definition of a "rule." It is a "statement of policy" DHFS has issued to "govern the organization or procedure of the agency." As such, DHFS must follow the legislature's directives for rule promulgation.

¶ 12. When an administrative rule is properly promulgated, the process allows for public input and review. In her brief, Mack succinctly describes why the formal rule-making process is important in a time when government agencies have expanded their policy-making functions.

> The requirement of formal rulemaking requires administrative agencies to follow a rational, public process. This requirement ensures that administrative agencies will not issue public policy of general application in an arbitrary, capricious, or oppressive manner. Many public policy concerns could be illuminated through the rulemaking process. For example, the fact that State SSI is a subsistence level program, whose benefits are exempt even from post-judgment garnishment might bear on the wisdom of reducing current State SSI payments. [Footnote omitted.]

---

[1] Despite DHFS's argument that recoupment waivers are available to individuals who have been overpaid benefits, it has not made this waiver information available to the benefit recipient when it seeks to reclaim the benefits overpayment. Mack received a letter from DHFS entitled, NOTICE OF STATE SSI OVERPAYMENT WITHHOLDING. The letter informed her of the overpayment amount, when the overpayment was made, the percentage of benefits that would be withheld and instructions on how to appeal the withholding decision. The letter did not indicate that the repayment amount could be waived.

¶ 13. Because DHFS has not complied with ch. 227, STATS., and properly promulgated the rule, DHFS lacks the authority to administratively recoup the benefits overpayment. We reverse the circuit court's order upholding DHFS's actions.

*By the Court.*—Order reversed.