■ BENJAMIN CHAVIS et al., Respondents-Appellants, v NEW YORK TEMPORARY STATE COMMISSION ON LOBBYING et al., Appellants-Respondents. [791 NYS2d 707]—

Peters, J.P. Cross appeals from a judgment of the Supreme Court (Malone, Jr., J.), entered August 27, 2004 in Albany County, which converted an application, brought pursuant to CPLR article 78, into an action for declaratory judgment and declared Legislative Law § 1-n (b) and (c) unconstitutional.

By a proceeding commenced pursuant to CPLR article 78, plaintiffs sought to, inter alia, compel defendant New York Temporary State Commission on Lobbying (hereinafter Commission) to comply with the State Administrative Procedure Act by contending that the Commission was an "agency" subject to the State Administrative Procedure Act (*see* State Administrative Procedure Act § 102 [1]). Supreme Court converted the proceeding into a declaratory judgment action and thereafter held that the Commission is not an "agency" bound by the State Administrative Procedure Act and that Legislative Law § 1-n (b) and (c) are unconstitutional under the Due Process

Clauses of both the federal and state constitutions. Both parties appeal.

State Administrative Procedure Act defines an "agency" as "any . . . commission . . . at least one of whose members is appointed by the governor, [which is] authorized by law to make rules or to make final decisions in adjudicatory proceedings but [which] shall not include . . . agencies in the legislative and judicial branches" (State Administrative Procedure Act § 102 [1]). The Commission was established by the Lobbying Act (*see* Legislative Law § 1-b), which provides that all of its members shall be appointed by the governor; some are nominated by legislative leaders (*see* Legislative Law § 1-d [a]). Concerning the Commission's rule-making authority, Legislative Law §§ 1-p and 1-q grant powers which fall squarely within State Administrative Procedure Act § 102 (2) (*see Matter of Alca Indus. v Delaney*, 92 NY2d 775, 778 [1999]). Had we not so determined, we would have still found that the Commission is bound by the State Administrative Procedure Act since it is authorized to make final decisions in adjudicatory proceedings where the legal rights of the parties are determined (*see Bolton-St. Johns, Inc. v New York Temporary State Commn. on Lobbying*, Sup Ct, Albany County, Nov. 9, 2004). We also find the Commission to be an executive agency based upon its funding sources and enforcement duties (*see* Legislative Law § 1-d [c] [1]).\*

Nor do we find Legislative Law § 1-n (b) and (c) unconstitutional. "Legislative enactments enjoy a strong presumption of constitutionality . . . [and] courts must avoid, if possible, interpreting a presumptively valid statute in a way that will needlessly render it unconstitutional" (*LaValle v Hayden*, 98 NY2d 155, 161 [2002]; *see Matter of Frontier Ins. Co. v Town Bd. of Town of Thompson*, 285 AD2d 953, 955 [2001]); such finding should be made "only as a last resort" (*Matter of McGee v Korman*, 70 NY2d 225, 231 [1987]). Legislative Law § 1-n (b) and (c) details the procedure which the Commission must follow if, after an investigation, audit or other authorized inquiry (*see* Legislative Law § 1-d [c]), it suspects that an individual or entity has willfully and knowingly failed to comply with the Lobbying Law. A failure is subject to a civil penalty in an amount to be assessed by the Commission after it provides, by certified, first-class mail, written notice of its intent to assess a penalty and the basis for it; the amount is determined only *after* a hearing at which the parties are entitled to present evidence. The legislative history, deemed paramount in determining intent (*see Mat-*

---

\* Notably, the official New York State Web site also identifies the Commission as an executive agency.

*ter of Albano v Kirby*, 36 NY2d 526, 530 [1975]), explains that "[w]ritten notice and the opportunity for a hearing must precede [the] assessment [of a civil penalty]" (Mem of Div of Budget, at 3, Bill Jacket, L 1977, ch 937). Since we interpret the statute as requiring a hearing to address both the basis for and the amount of an assessment, we do not find the challenged provisions to be an abridgement of property without due process.

Accordingly, the judgment of the Supreme Court which declared Legislative Law § 1-n (b) and (c) unconstitutional, as well as its determination that the Commission is not an agency and, therefore, not subject to State Administrative Procedure Act, is reversed.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the judgment is reversed, on the law, without costs, and it is declared that Legislative Law § 1-n (b) and (c) have not been shown to be unconstitutional.