■ WILLIAM HARDING et al., Appellants, et al., Petitioner, v JUDITH CALOGERO, as Commissioner of the New York State Division of Housing and Community Renewal, Respondent, and 207 REALTY ASSOCIATES, LLC, Intervenor-Respondent. [845 NYS2d 283]—

Order, Supreme Court, New York County (Rolando T. Acosta,

J.), entered May 10, 2006, which denied the tenants' petition seeking to annul the determination of respondent agency (Division of Housing and Community Renewal [DHCR]) granting intervenor landlord's application for a rent increase based on unique or peculiar circumstances, unanimously affirmed, without costs.

The agency determination to increase petitioners' maximum rents (*see* 9 NYCRR 2202.3 [a] [1]; 2202.7) had a rational basis (*see Matter of Ansonia Residents Assn. v New York State Div. of Hous. & Community Renewal*, 75 NY2d 206 [1989]). DHCR's methodology for computing comparable regulated rents in the area was neither arbitrary nor capricious. That the calculation could have been performed differently is of no moment, as DHCR has broad discretion in setting rents to effectuate the laws governing rent regulation (*Matter of Santo v New York State Div. of Hous. & Community Renewal*, 272 AD2d 334 [2000]). The comparable rents proposed by petitioners were not accompanied by documentary substantiation to show how they were calculated, nor did they state whether the rents submitted included subsidies they had received; furthermore, the comparable apartments submitted were substantially smaller than the subject apartments and provided too small a sample (*see Matter of Parcel 242 Realty v New York State Div. of Hous. & Community Renewal*, 215 AD2d 132, 134 [1995], *lv denied* 86 NY2d 706 [1995]). Nor were petitioners' due process or other rights denied when DHCR conducted the calculation based on its own records without providing petitioners advance notice of the methodology it used (*see Matter of Goldman v New York State Div. of Hous. & Community Renewal*, 6 AD3d 197 [2004]). While the methodology used has been affirmed in other cases, this does not establish that DHCR has created an inflexible rule removing that agency's discretion, and so DHCR was not obliged to follow the rule-making procedures set forth in the State Administrative Procedure Act (*see Matter of Alca Indus. v Delaney*, 92 NY2d 775 [1999]; *Matter of DeJesus v Roberts*, 296 AD2d 307, 310 [2002]). DHCR did retain discretion to accept intervenors' comparability study or the owner's study, or to apply any other reasonable methodology. It also expressly considered the hardship on intervenor-tenants (9 NYCRR 2202.3 [a] [1]) in phasing the increased rents in over four years.

We have examined petitioners' remaining arguments and find them unavailing. Concur—Saxe, J.P., Friedman, Sweeny, McGuire and Malone, JJ.