■ In the Matter of RYE PSYCHIATRIC HOSPITAL CENTER, INC., et al., Appellants, v NEW YORK STATE OFFICE OF MENTAL HEALTH et al., Respondents. [884 NYS2d 767]—

In a proceeding pursuant to CPLR article 78 to review a determination of the respondent New York State Office of Mental Health, dated February 15, 2007, which imposed a fine of $1,000 per day upon the petitioner Rye Psychiatric Hospital Center, Inc., until it provided separate housing and therapy services for minor and adult patients, the petitioners appeal, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Neary, J.), entered April 3, 2008, as denied the petition and dismissed the proceeding.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Contrary to the petitioners' contention, the general policy of the respondent New York State Office of Mental Health (hereinafter OMH) mandating separate housing and therapy services for minor and adult patients was not an inflexible rule removing that agency's discretion, and so OMH was not obligated to follow the rule-making procedure set forth in the State Administrative Procedure Act before requiring the petitioners to comply with the policy (*see Matter of Alca Indus. v Delaney*, 92 NY2d 775 [1999]; *Matter of Schwartfigure v Hartnett*, 83 NY2d 296 [1994]; *Matter of Senior Care Servs., Inc. v New York State Dept. of Health*, 46 AD3d 962 [2007]; *Harding v Calogero*, 45 AD3d 363 [2007]).

Additionally, the determination of OMH that the petitioners must provide separate housing and therapy services for minor and adult patients was not arbitrary and capricious (*see Matter of Jennings v New York State Off. of Mental Health*, 90 NY2d 227, 239 [1997]; *Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County*, 34 NY2d 222, 230-232 [1974]). Skelos, J.P., Angiolillo, Balkin and Belen, JJ., concur.