In the Matter of JOHN R. DE ZIMM, Appellant, v NEW YORK STATE BOARD OF PAROLE, Respondent.

Third Department, January 28, 1988

## APPEARANCES OF COUNSEL

*David C. Leven (Dan Getman* of counsel), for appellant.

*Robert Abrams, Attorney-General (Martin A. Hotvet* and *Peter H. Schiff* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Following a hearing before respondent, petitioner, then an inmate at Eastern Correctional Facility, was granted an open parole release date[1] of May 13, 1986. However, on May 15, 1986, prior to his release, petitioner was charged with having violated institutional rules, namely, misappropriating money and goods; the violations took place both before and on May 13, 1986, when the release decision was originally made. By notice served May 16, 1986, petitioner was advised that his open release date had been temporarily suspended pending an investigation. A Superintendent's hearing was then held and petitioner was found guilty of the charged infractions. His penalty was 90 days' keeplock and loss of various privileges. A parole rescission hearing[2] conducted July 17, 1986, at which petitioner was represented by counsel, resulted in formal rescission of petitioner's open parole release date. Petitioner was then held pending a hearing before respondent in November 1986. On January 6, 1987 petitioner was paroled and released to supervision.

In the instant CPLR article 78 proceeding, petitioner maintains, *inter alia,* that his parole was invalidly rescinded because the rules governing parole suspension and rescission hearings, contained in respondent's "Policy and Procedure

---

1. An open parole release date means an inmate may be released as soon after that date as a satisfactory parole program beccmes available (9 NYCRR 8002.3 [e]).

2. Rescission of parole is to be distinguished from parole revocation, the latter arising out of a violation of parole conditions by the parolee after having been properly granted parole, while the former terminates a parolee's release to which he was never rightfully entitled *(see, Matter of Tremarco v New York State Bd. of Parole,* 87 AD2d 114, 118-119, *appeal dismissed* 58 NY2d 968).

Manual, Item 8505",[3] had not been filed with the Secretary of State as required by NY Constitution, article IV, § 8 and Executive Law § 102. Supreme Court dismissed the petition, finding that respondent's manual constituted mere guidelines, not fixed general principles, and therefore filing was not required (see, *Matter of Roman Catholic Diocese v New York State Dept. of Health*, 66 NY2d 948, 951). Although petitioner is currently under parole supervision, he presses his appeal nonetheless, arguing that the proceeding is not moot for it was brought as a class action on behalf "of all persons who have had or may have their parole release dates temporarily suspended or rescinded".

■ Inasmuch as petitioner is on parole status and thus is no longer representative of the class, the prerequisites of a class action are not met (see, CPLR 901 [a] [4]). Furthermore, as respondent aptly observes, class relief is unnecessary where, as here, governmental operations are involved and subsequent inmates will be adequately protected under the principles of stare decisis (see, *Matter of Jones v Berman*, 37 NY2d 42, 57). The absence of class action status does not, however, require dismissing this proceeding as moot for we perceive it as involving an issue of constitutional dimension that is likely to recur (see, *Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715) and therefore should be addressed. And since petitioner seeks no relief for himself, we view this proceeding as one asking for a declaratory judgment.

The substance of petitioner's argument is that respondent's rules governing the rescission procedure are legislative in nature; therefore, to have validity they must be filed in accordance with constitutional and statutory law. Item 8505 of respondent's manual consists of 15 pages devoted to rules and forms bearing on rescission policy and procedure. These pages contain internal directives, as well as a recitation of the rights prisoners enjoy prior to and at rescission hearings, including: the right to prompt notice that the inmate's parole release has been temporarily suspended, the right to be heard and to present witnesses and documentary evidence, the right to counsel, the right to appear, confront and cross-examine adverse witnesses, and the right to receive a written statement from respondent setting forth the evidence relied upon and

---

**3.** Petitioner also cites a memorandum issued by respondent which contains provisions substantially the same as in the manual.

the reason for respondent's decision. Item 8505 also imposes specific responsibilities upon the inmate's attorney, notably that of arranging for the presence of inmate and staff witnesses, and decrees when and how adjournment requests are to be made. Reference is also had to the standard used to determine what inmate misbehavior warrants the need for a rescission hearing and to the fact that any rule violation or misconduct requiring a Superintendent's hearing mandates a rescission hearing.

■ NY Constitution, article IV, § 8 specifically exempts matters of internal organization and management from the filing requirement, and general guidelines are excluded by case law *(see, e.g., Matter of Roman Catholic Diocese v New York State Dept. of Health, supra)*. However, the manual's provisions guaranteeing procedural safeguards to an inmate during the parole rescission process are neither internal regulations, for their primary impact is on the inmate and his attorney, nor are they indeterminate guidelines, for their very language mandates compliance. We are not unmindful that respondent has complete discretion to rescind parole *(see,* 9 NYCRR 8000.4; *see also,* Executive Law § 259-c [1]; § 259-i [2]), but having established procedural safeguards, it appears to us eminently fair, if not elementary, that respondent is obliged to abide by them; any unevenness in their application will only furnish fodder for an inmate's charge that he was dealt with arbitrarily and capriciously.

Respondent's manual lays out in admirable fashion the array of rights afforded inmates by virtue of the Due Process Clause *(see, Matter of Jones v Smith,* 64 NY2d 1003, 1005, citing *Wolff v McDonnell,* 418 US 539), and how those rights are implemented in the context of a parole rescission hearing. At the very least, item 8505 represents a quasi-legislative norm which establishes a general course or pattern of operation for the future. The promulgation of rules and procedures performing that function clearly comes within the scope of the filing requirement of the NY Constitution *(see, People v Cull,* 10 NY2d 123, 126-127). Issuing rules through subordinates who were unauthorized to promulgate them on behalf of the agency, as was done in this instance, does not obviate this need to file. Nor can the burden of doing so be considered particularly onerous since respondent has filed similar rules with respect to parole revocation.

MAHONEY, P. J., WEISS and HARVEY, JJ., concur.

Judgment reversed, on the law, without costs, proceeding converted to an action for declaratory judgment and respondent's unfiled parole rescission hearing rules, set forth in its Policy and Procedural Manual, Item 8505, are declared invalid.