■ In the Matter of PHILLIP ABBOTT, Appellant, v WALTER R. KELLY, as Superintendent of Attica Correctional Facility, et al., Respondents.—Judgment unanimously reversed on the law and petition granted in part, in accordance with the following memorandum: The determination which rescinded petitioner's parole status must be annulled because the parole rescission proceedings were conducted pursuant to rules contained in the "Parole Rescission Hearing-Policy and Procedure" manual of the Division of Parole which had not been filed with the Secretary of State. "No rule or regulation made by any state department, board, bureau, officer, authority or commission, except such as relates to the organization or internal management of a state department, board, bureau, authority or commission shall be effective until it is filed in the office of the

department of state" (NY Const, art IV, § 8; *see,* Executive Law § 102 [1]). Executive Law § 101-a (1) (b) defines "rule" as "the whole or part of each agency statement of general applicability or regulation or code that implements or applies law, or prescribes the procedure or practice requirements of any agency * * * except such as relates to the organization or internal management of the agency." Thus, filing is required with respect to substantive and procedural rules of general applicability, other than rules which merely relate to the organization or internal management of the agency *(see, People ex rel. Roides v Smith,* 67 NY2d 899; *Matter of De Zimm v New York State Bd. of Parole,* 135 AD2d 66). The provisions in question are not mere internal guidelines, but include procedural and substantive rules of general applicability *(see,* 9 NYCRR 8002.5; *Matter of De Zimm v New York State Bd. of Parole, supra,* at 68-69). Because the proceeding here was conducted pursuant to unfiled rules, the determination rescinding petitioner's parole status must be annulled. However, we reject petitioner's request that we recompute time remaining on his sentence and restore him to parole status with respect to his original sentence. Only the Parole Board has the authority to parole petitioner *(see, People ex rel. Greene v Smith,* 52 AD2d 292, 294, *appeal dismissed* 40 NY2d 826). In contrast to the facts in the case relied upon by petitioner *(Matter of Sparago v New York State Bd. of Parole,* 71 NY2d 943), petitioner was not paroled from his original sentence before he was convicted and sentenced to an additional term. (Appeal from judgment of Supreme Court, Wyoming County, Dadd, J.—art 78.) Present—Callahan, J. P., Denman, Green, Pine and Balio, JJ.