■ In the Matter of JAMES P. OVERTON, Appellant, v TOWN OF SOUTHAMPTON, Respondent. [708 NYS2d 462] —In a proceeding pursuant to CPLR article 78, *inter alia*, to annul a resolution adopted by the Town of Southampton on November 23, 1999, which provided that the petitioner was to be separated from service with the Town of Southampton effective January 7, 2000, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (Underwood, J.), dated January 4, 2000, which denied the petition and dismissed the proceeding insofar as asserted against the Town of Southampton.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted insofar as asserted against the Town of Southampton, and the resolution in question adopted by the Town of Southampton on November 23, 1999, is annulled.

The petitioner is the Police Chief for the Town of Southampton (hereinafter the Town). When he joined the Police Department, he enrolled in a 25-year retirement plan with a mandatory retirement age of 70. He subsequently transferred to an optional 20-year retirement plan when the optional plan became available to the Town's police officers pursuant to Retirement and Social Security Law § 384-d.

Retirement and Social Security Law § 384-d provides, in relevant part:

"a. Any member of the retirement system who is a * * * policeman * * * may elect to contribute to the retirement system pursuant to this section within one year after he becomes such an officer * * * if his employer has previously elected to make the benefits provided herein available to its officers * * * or within one year after his employer elects to make the benefits provided herein available to its officers.

"b. Elections made pursuant to this section shall be in writing and shall be duly acknowledged and filed with the comptroller. Any member who files such an election pursuant to this section may withdraw it after it has been filed for at least a

year. Such withdrawal shall be by written notice duly acknowledged and filed with the comptroller. After such withdrawal such member shall contribute to the retirement system as otherwise provided in this article".

Generally, the 20-year plan authorized by that section requires members to retire no later than age 62 (*see,* Retirement and Social Security Law § 384-d [i]). However, the statute was amended in 1971 by adding subdivision (m), applicable solely to the Town, which requires retirement at age 55. Subdivision (m) provides: "m. Notwithstanding any inconsistent provision of law, if the town board of the town of Southampton elects to make the benefits of this section available to the members of its police department, each member of such department shall be separated from service upon completion of twenty years of service, provided, however, that the town board may permit a member to continue in service on an annual basis after the completion of twenty years of service, but in no event shall such annual service be continued after a member has attained age fifty-five."

As his 55th birthday approached, the petitioner sought to withdraw from the 20-year plan and transfer back to the 25-year plan so as to continue his employment beyond the age of 55. The Town, however, adopted a resolution mandating his separation from service effective January 7, 2000, his 55th birthday. The resolution was based on an interpretation of Retirement and Social Security Law § 384-d (m) advanced by the State Comptroller. In the opinion of the Comptroller, section 384-d (m) requires any Town police officer who ever enrolled in the 20-year plan to separate from service at age 55, regardless of whether the officer has subsequently withdrawn from the plan.

The petitioner commenced this proceeding pursuant to CPLR article 78 against the Town, the State Comptroller, and the New York State and Local Police and Fire Retirement System (hereinafter the Retirement System) seeking, *inter alia*, to annul the resolution. Pursuant to stipulation, dated December 21, 1999, the proceeding was discontinued insofar as asserted against the State Comptroller and the Retirement System. The State respondents agreed that if the Town's resolution is annulled, they will not prevent the petitioner from continuing in service and obtaining credit for such service for pension purposes.

The Supreme Court concluded that Retirement and Social Security Law § 384-d (m) requires the petitioner to retire at age 55 and denied the petition. By decision and order of this

Court dated January 31, 2000, the petitioner's motion to stay the time in which he may elect to transfer from the 20-year to the 25-year retirement plan and to enjoin the Town from taking any action to enforce the resolution was granted pending hearing and determination of this appeal.

Initially, we note that deference need not be given to the Comptroller's interpretation of the statute because the issue in this proceeding involves a matter of pure statutory construction and does not implicate the special expertise of the Retirement System (*see, Matter of Guido v New York State Teachers' Retirement Sys.,* 94 NY2d 64, 68; *Doctors Council v New York City Employees' Retirement Sys.,* 71 NY2d 669, 675).

Where the language of a statute is clear and unambiguous, it should be construed " 'so as to give effect to the plain meaning of the words used' " (*Doctors Council v New York City Employees' Retirement Sys., supra,* at 674-675, quoting *Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208; *see,* McKinney's Cons Laws of NY, Book 1, Statutes § 94). In addition, all parts of a statute should be read together to determine its fair meaning (*see, Heard v Cuomo,* 80 NY2d 684, 689; McKinney's Cons Laws of NY, Book 1, Statutes § 97).

Retirement and Social Security Law § 384-d (b) permits a member who elects to participate in a 20-year plan to withdraw from the plan and enroll in another retirement plan. There is no language in subdivision (m) precluding the application of subdivision (b) to Town police officers. Nor is there any language in subdivision (m) which is inconsistent with the provisions of subdivision (b). Thus, the plain meaning of the statute, read as a whole, is that a Town police officer may withdraw from the 20-year plan and enroll in another available retirement plan.

Contrary to the Town's contention, subdivision (m) does not require a member who changes plans to nevertheless retire at age 55. The phrase "but in no event shall such annual service be continued after a member has attained age fifty-five" cannot be read in isolation, but must be considered in the context in which it is used (*see, Matter of Guido v New York State Teachers' Retirement Sys., supra,* at 69; McKinney's Cons Laws of NY, Book 1, Statutes § 97). The "service" referred to in that phrase is service of a member participating in a 20-year plan. Thus, the 55-year mandatory retirement age applies to those enrolled in the 20-year plan. There is no language suggesting that it is applicable when a member transfers to another plan with a higher mandatory retirement age. Contrary to the Town's contention, there is nothing in the legislative history of

the 1971 amendment which indicates that the Legislature had any purpose other than reducing the mandatory retirement age for the 20-year plan from 62 to 55 for Town police officers.

Consequently, the Supreme Court erred in denying the petition and dismissing this proceeding insofar as asserted against the Town. The petitioner has the right to withdraw from the 20-year retirement plan and transfer to the 25-year retirement plan available to Town police officers with a mandatory retirement age of 70. Bracken, J. P., Sullivan, Altman and McGinity, JJ., concur.