■ In the Matter of JEROME DOUGLAS, Appellant, v BRION D. TRAVIS, as Chair of the New York State Division of Parole, Respondent. [737 NYS2d 165] —Carpinello, J. Appeal from a judgment of the Supreme Court (Cobb, J.), entered May 11, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent to establish a guideline time range for petitioner.

Pursuant to Executive Law § 259-c (4), which required the Board of Parole to establish written guidelines for its use in making parole decisions, the Board promulgated a set of guidelines based on two factors: severity of the crime and criminal history (see, 9 NYCRR 8001.3 [a]). The guidelines consist of a grid for determining the customary total time served before release, with offense severity scores forming the vertical axis of the grid and criminal history scores forming the horizontal axis (see, 9 NYCRR 8001.3 [b] [3]). The relevant guideline time range for a particular offender is located at the intersection of the offender's two scores (see, id.). Offense severity scores on the grid range from a minimum of 1 to a maximum of 9. For the most severe offense scores of 8 and 9, the grid contains no specific time range, regardless of the criminal history score, but provides instead that "[s]pecific ranges are not given due to the limited number of cases and the extreme variation possible within the category" (id.). Petitioner has a guideline offense severity score of 8. After his request for release to parole supervision was denied, he commenced this CPLR article 78 proceeding in the nature of mandamus to compel the Board to establish a specific guideline time range for him. Supreme Court dismissed the petition. Petitioner appeals. We affirm.

Contrary to petitioner's argument, Executive Law § 259-c (4) does not require the establishment of a specific time range for petitioner or any other offender. The statute requires that guidelines be established but specifies neither the form nor the content of the guidelines, leaving the specifics to the Board's expertise and judgment. The Board complied with the statutory mandate by promulgating 9 NYCRR 8001.3 and exercised its judgment in determining the form and the content of the guidelines. Inasmuch as the Board performed its legal duty by establishing said guidelines, petitioner cannot use this CPLR article 78 proceeding to compel the Board to exercise its judgment in a particular manner (see, Klostermann v Cuomo, 61 NY2d 525, 540). " 'A subordinate body can be directed to act, but not how to act, in a manner as to which it has the right to exercise its judgment' " (id. at 540 [emphasis supplied], quoting People ex rel. Francis v Common Council of City of Troy, 78 NY 33, 39).

Nor do we find any merit in petitioner's claim that the regulation itself requires the establishment of a specific time range for each and every offender. To the contrary, the regulation acknowledges the general limitation on the utility of the guidelines caused by their reliance on only two major factors (see, 9 NYCRR 8001.3 [a]). Thus, the guidelines "are intended

only as a guide, and are not a substitute for the careful consideration of the many circumstances of each individual case" (*id.*). With regard to the most severe of the offense severity scores, including petitioner's score, the regulation appropriately acknowledges that the relatively small number of cases and extreme variations possible within the category effectively eliminates the utility of specific time ranges for these offenses (*see,* 9 NYCRR 8001.3 [b] [3]). "Mandamus is addressed to the discretion of the court and a denial of such relief will not be disturbed without a showing of an abuse of discretion * * *" (*Matter of Associated Gen. Contrs. of Am., N.Y. State Ch. v Roberts,* 122 AD2d 406 [citation omitted]). Finding no abuse of discretion here, we affirm Supreme Court's judgment dismissing the petition.

Cardona, P.J., Mercure, Peters and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.