■ In the Matter of WILLIAM OVERTON, Appellant, v NEW YORK STATE POLICE AND FIRE RETIREMENT SYSTEM et al., Respondents. [741 NYS2d 616] —Lahtinen, J. Appeal from a judg-

ment of the Supreme Court (McNamara, J.), entered March 20, 2001 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to compel respondent New York State Police and Fire Retirement System to conduct an administrative hearing to determine whether petitioner was required to separate from service upon attaining the age of 55.

Petitioner, a police officer employed by respondent Village of Westhampton Beach in Suffolk County for over 30 years, was enrolled in a 20-year retirement plan pursuant to Retirement and Social Security Law § 384-d (n), requiring mandatory separation from service at age 55. Prior to his 55th birthday, petitioner withdrew from that retirement plan and enrolled in another retirement plan with a mandatory retirement age of 70 (*see*, Retirement and Social Security Law § 375-i).

In May 1998, relying on a letter opinion from respondent New York State Police and Fire Retirement System (hereinafter the Retirement System) advising the Village that its interpretation of Retirement and Social Security Law § 384-d (n) required petitioner's separation from service at age 55, the Village notified petitioner that if he did not retire at age 55, he would be separated from service. Petitioner received similar letter opinions directly from the Retirement System, which he challenged administratively. The initial hearing held in November 1998 was consumed with a procedural issue, and the propriety of the Retirement System's interpretation of Retirement and Social Security Law § 384-d (n) was not reached. More than 11 months later, respondent Comptroller determined that the letter opinions constituted initial determinations of the Retirement System and served as a jurisdictional basis to hold a hearing under Retirement and Social Security Law § 374.

In the meantime, the Village adopted a resolution separating petitioner from service as a police officer, effective December 29, 1998. Petitioner took no action against the Village as a result of this action, but continued to attempt to schedule his Retirement and Social Security Law § 374 hearing. Frustrated by several adjournments, petitioner commenced this CPLR article 78 proceeding in December 2000 seeking, inter alia, an order directing the Retirement System to conduct a hearing and redetermine whether Retirement and Social Security Law § 384-d (n) required petitioner to separate from service when he reached age 55.

In June 2000, the Second Department decided *Matter of Overton v Town of Southampton* (273 AD2d 242, *lv denied* 95

NY2d 764), which involved a similarly worded statute (Retirement and Social Security Law § 384-d [m]) applicable to the Town of Southampton. There, the Town, relying on the same interpretation of the statute advanced by the Comptroller in this instant matter, passed a resolution separating petitioner's brother from service as that Town's Police Chief when he reached the age of 55, even though, prior to reaching the age of 55, he transferred into a retirement plan with a mandatory retirement age of 70. Petitioner's brother brought a CPLR article 78 proceeding to, inter alia, annul the Town's resolution. Concluding that the Comptroller's interpretation of the statute need not be given deference because the issue involved a matter of pure statutory construction and did not implicate the special expertise of the Retirement System, the Second Department held that petitioner's brother had the right to transfer to the retirement plan with a mandatory retirement age of 70 and annulled the Town's resolution (*id.*).

We agree with Supreme Court's conclusion that *Matter of Overton v Town of Southampton* (*supra*) established controlling precedent that petitioner was entitled to withdraw from his 20-year retirement plan and transfer to another retirement plan providing for a mandatory retirement age of 70 rendering an administrative hearing on the issue unnecessary (*see, Towner v Jimerson*, 67 AD2d 817, 818). We also agree with Supreme Court that petitioner's proper course of action, not taken here, was to seek annulment of the Village's December 1998 resolution separating him from service on the ground that it was contrary to the provisions of Retirement and Social Security Law § 384-d (n), since only the Village has the authority to enforce the provisions of the statute and reinstate petitioner. Consequently, we find no error or abuse of discretion in Supreme Court's dismissal of the petition (*see, Matter of Associated Gen. Contrs. of Am., N.Y. State Ch. v Roberts*, 122 AD2d 406, 407; *see also, Matter of Douglas v Travis*, 290 AD2d 903, 905).

Crew III, J.P., Peters, Mugglin and Rose, JJ., concur. Ordered that the judgment is affirmed, without costs.