■ In the Matter of CHRISTOPHER D. LUE-SHING, Appellant, v BRION D. TRAVIS, as Chair of the State Board of Parole, Respondent. [784 NYS2d 259]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Feldstein, J.), entered October 29, 2003 in Clinton County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to, inter alia, review a determination of the Board of Parole denying petitioner's request for parole release.

Petitioner is presently serving two concurrent prison terms of

8$\frac{1}{3}$ to 25 years and 5 to 15 years for his convictions, respectively, of manslaughter in the first degree and assault in the first degree for the drive-by shooting that seriously injured one person and caused the death of a 16-year-old boy. In December 2002, the Board of Parole, while noting his "positive programming and discipline," denied petitioner's request for parole release. Following an unsuccessful administrative appeal, petitioner commenced this CPLR article 78 proceeding. Supreme Court dismissed the petition, and petitioner appeals, arguing only that the manner in which the Board applies the 9 NYCRR 8001.3 guidelines violates NY Constitution, article IV, § 8.*

Executive Law § 259-c (4) requires the Board to "establish written guidelines for its use in making parole decisions . . . including the fixing of minimum periods of imprisonment or ranges thereof for different categories of offenders." The guidelines used in determining the customary total time served before release are based on two factors, severity of the crime and criminal history (see 9 NYCRR 8001.3 [a]). A decision-making grid has been established wherein the suggested time range to be served by an offender is located at the intersection of these two scores. Petitioner contends that the Board's failure to file with the Secretary of State the method of calculating the criminal history and offense severity scores violates NY Constitution, article IV, § 8. We disagree.

The Court of Appeals has held that " 'only a fixed, general principle to be applied by an administrative agency without regard to other facts and circumstances relevant to the regulatory scheme of the statute it administers constitutes a rule or regulation' " under NY Constitution, article IV, § 8 (*Matter of New York City Tr. Auth. v New York State Dept. of Labor*, 88 NY2d 225, 229 [1996], quoting *Matter of Roman Catholic Diocese of Albany v New York State Dept. of Health*, 66 NY2d 948, 951 [1985]). The decisions of the Board require flexibility and discretion and the guidelines used to arrive at these decisions are not meant to establish "a rigid, numerical policy invariably applied across-the-board to all [inmates] without regard to individualized circumstances or mitigating factors" (*Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301 [1994]; *accord Matter of New York City Tr. Auth. v New York State Dept. of Labor*, *supra* at 230). Rather, the time ranges that appear in the decision-making grid "are merely guidelines [and] [m]itigating

* Although petitioner raised three other issues in his petition, we deem these issues abandoned due to his failure to address them in his brief (*see Matter of Cowart v Selsky*, 305 AD2d 837, 837 n [2003], *lv denied* 100 NY2d 510 [2003]).

or aggravating factors may result in decisions above or below the guidelines" (9 NYCRR 8001.3 [c]; *accord Matter of Tatta v State of New York, Div. of Parole*, 290 AD2d 907, 908 [2002], *lv denied* 98 NY2d 604 [2002]; *Matter of Douglas v Travis*, 290 AD2d 903, 904 [2002], *lv denied* 98 NY2d 604 [2002]). As such, we find that the guidelines do not meet the definition of a regulation and, therefore, need not be filed with the Secretary of State (*see Matter of Alca Indus. v Delaney*, 92 NY2d 775, 778-779 [1999]; *Matter of Teresian House Nursing Home Co. v Chassin*, 218 AD2d 250, 253-254 [1996]; *cf. Matter of De Zimm v New York State Bd. of Parole*, 135 AD2d 66 [1988]).

Spain, J.P., Mugglin, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.