■ In the Matter of HASAUN GRIGGER, Appellant, v NEW YORK STATE DIVISION OF PAROLE, Respondent. [790 NYS2d 781]—

Mercure, J.P. Appeal from a judgment of the Supreme Court (Kavanagh, J.), entered April 5, 2004 in Albany County, which, inter alia, dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, to review a determination of the Board of Parole denying his request for parole release.

Petitioner is serving an aggregate prison sentence of 8 to 24 years for his convictions of manslaughter in the first degree and

criminal possession of a controlled substance in the third degree. Initially denied parole release in 2001, the Board of Parole again denied petitioner's request for parole release in June 2003. Petitioner filed an administrative appeal but, since respondent's appeals unit did not issue a decision within the prescribed four-month period, his administrative remedies were deemed exhausted (*see* 9 NYCRR 8006.4 [c]). Thereafter, petitioner commenced this proceeding pursuant to CPLR article 78, alleging that the Board's failure to file with the Secretary of State its manual used to apply the parole release guidelines violated NY Constitution, article IV, § 8 and Executive Law § 102. Petitioner also sought class certification on behalf of "inmates who may in the future be denied parole." Supreme Court denied petitioner's application for class certification and dismissed the petition on the ground that the manual is not an unfiled regulation, prompting this appeal.

This Court recently had the opportunity to address this issue in *Matter of Lue-Shing v Travis* (12 AD3d 802 [2004], *lv denied* 4 NY3d 705 [2005]). As explained therein, the guidelines at issue do not constitute a rule or regulation within the meaning of NY Constitution, article IV, § 8 or Executive Law § 102 because they "are not meant to establish 'a rigid, numerical policy invariably applied across-the-board to all [inmates] without regard to individualized circumstances or mitigating factors' " (*id.* at 803, quoting *Matter of Schwartfigure v Hartnett*, 83 NY2d 296, 301 [1994]). Thus, the Board is not required to file them with the Secretary of State (*see Matter of Lue-Shing v Travis, supra* at 804). Accordingly, the petition was properly dismissed.

Spain, Carpinello, Rose and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.